# EXHIBIT 21

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
COUNTY OF RANDOLPH     FILED     SUPERIOR COURT DIVISION
23 CVS 867

2024 OCT -1 P 4: 46

EASTWOOD CONSTRUCTION, LLC, d/b/a
EASTWOOD HOMES     RANDOLPH CO., C.S.C.

         Plaintiff,     BY _____

    vs.                                     **ORDER**
                                        (Granting Plaintiff's Motion to Dismiss
JAMES L. BRYANT, JR. and                Appeals)
SHARON R. BRYANT,

         Defendants.

THIS MATTER came on to be heard before the undersigned superior court judge presiding over the September 30, 2024, Regular Session of Randolph County Superior Court, upon plaintiff's Motion to Dismiss Defendants' Appeals filed by Plaintiff Eastwood Construction, LLC, d/b/a Eastwood Homes ("Eastwood") on July 19, 2024, pursuant to Rule 25 of the North Carolina Rules of Appellate Procedure. This matter came on for hearing on Monday, September 30, 2024, at 4:00 P.M. Attorney Clint Morris appeared representing the Plaintiff. Neither James L. Bryant, Jr. nor Sharon R. Bryant ("Defendants") appeared themselves nor did any attorney appear on behalf of the Defendants, who filed the appeals *pro se*.

After reviewing the Plaintiff's motion, the contents of the above-numbered file, and after hearing the arguments of counsel, and considering the applicable law, the Court makes the following:

### FINDINGS OF FACT

1.     On December 11, 2023, the Court held a hearing on Defendants' Motion for Summary Judgment on all claims. During the hearing Eastwood requested the Court enter

summary judgment for it on all claims as the non-moving party.

2. On or about December 29, 2023, the parties signed a Settlement Agreement and resolved the lawsuit.

3. On or about January 9, 2024, Defendants repudiated the Settlement Agreement.

4. On January 12, 2024, Eastwood filed its Motion to Enforce Settlement Agreement in Randolph County Superior Court (the "Motion to Enforce") to compel Defendants to perform the Settlement Agreement with Eastwood.

5. On February 29, 2024, the Honorable Rebecca Holt entered an order granting summary judgment for Eastwood on all claims ("February 29 Order"). However, the order was interlocutory as the Order did not resolve the issue of damages.

6. On March 5, 2024, Defendants purported to appeal the February 29 Order by filing a Notice of Appeal.

7. On March 6, 2024, Judge Holt entered an Amended Order on the Motion for Summary Judgment granting summary judgment to Eastwood on its contract claim as to liability only, but otherwise denying the Motion for Summary Judgment ("March 6 Order").

8. On March 7, 2024, Defendants purported to appeal the March 6 Order by filing a Notice of Appeal.

9. On March 11, 2024, the parties argued the Motion to Enforce in Randolph County Superior Court. The Honorable Clayton Somers made an oral ruling granting the Motion to Enforce at the hearing. A written order was entered on March 22, 2024 (the "March 22 Order").

10. On March 28, 2024, Defendants filed a Notice of Appeal from the March 22 Order.

11. Defendants are proceeding in this case *pro se*. Both Defendants signed the Notice

of Appeals.

12. On April 4, 2024, Mr. Bryant and court reporter Kimberly Stephenson signed an Appellate Division Transcript Contract regarding the March 11, 2024 hearing (the "Contract"). A copy of the Contract is attached as Exhibit A to the Plaintiff's motion.

13. Mrs. Bryant is not a party to the Contract and it is not clear whether Mr. Bryant was purporting to act for Mrs. Bryant in entering into the Contract. Mrs. Bryant did not separately enter into a similar contract with Ms. Stephenson for preparation of the transcript of the March 11 hearing. See Affidavit of Kimberly Stephenson ¶ 4.

14. Neither Defendant ordered the transcript of the December 11, 2023 hearing on the Motion for Summary Judgment.

15. The Contract requires that the transcript requestor agree to pay a refundable deposit of $350 upon execution of the Contract. See Affidavit of Kimberly Stephenson ¶ 6.

16. However, shortly after requesting the transcript, Mr. Bryant notified Ms. Stephenson that he would not pay for a transcript under the Contract. See Affidavit of Kimberly Stephenson ¶ 7.

17. To this day, Mr. Bryant has not paid the costs of the transcript. See Affidavit of Kimberly Stephenson ¶ 8.

18. Defendants have failed to meet their obligations under N.C. R. App. P. Rule 11(a) and N.C. R. App. P. 11(b) to settle and/or serve a proposed record of appeal on any of the three purported appeals.

19. Mr. Bryant failed to comply with the terms of Contract and therefore did not order a transcript of the March 11, 2024 hearing for himself or jointly for Defendants.

20. Mrs. Bryant never separately ordered a transcript contract.

21. Because the Defendants have not ordered a transcript of any of the hearings regarding any of the orders appealed from, the deadline to serve a proposed record on appeal or settle a proposed record on appeal by agreement was forty-five days after the filing of the respective Notices of Appeal:

    a. For the March 5, 2024 Notice of Appeal, the deadline was April 19, 2024.

    b. For the March 7, 2024 Notice of Appeal, the deadline was April 22, 2024.

    c. For the March 28, 2024 Notice of Appeal, the deadline was May 13, 2024.

22. All the deadlines have expired over 120 days ago, and Defendants have not served a proposed record on appeal or sought to settle a record on appeal for any of the three appeals.

Based on the foregoing <u>Findings of Fact</u>, the Court makes the following:

## CONCLUSIONS OF LAW

1. This court has subject matter jurisdiction over the Plaintiff's motion, <u>see</u> Conclusion of Law number four, below, and personal jurisdiction over the parties.

2. Under the North Carolina Rules of Appellate Procedure, "[w]ithin forty-five days after all of the transcripts that have been ordered according to Rule 7 are delivered (seventy days in capitally tried cases) or forty-five days after the last notice of appeal is filed or given, whichever is later, the parties may by agreement entered in the printed record settle a proposed record on appeal that has been prepared by any party in accordance with Rule 9 as the record on appeal." <u>See</u> N.C. R. App. P. 11(a).

3. Additionally, "If the record on appeal is not settled by agreement under Rule 11(a), the appellant shall, within the same times provided, serve upon all other parties a proposed

4

record on appeal constituted in accordance with the provisions of Rule 9. Within thirty days (thirty-five days in capitally tried cases) after service of the proposed record on appeal upon an appellee, that appellee may serve upon all other parties a notice of approval of the proposed record on appeal, or objections, amendments, or a proposed alternative record on appeal in accordance with Rule 11(c)." See N.C. R. App. P. 11(b).

4. As no appeal has been docketed in the North Carolina Court of Appeals, this Court retains jurisdiction to consider a motion to dismiss the appeal. See N.C. R. App. P. 25(a) ("If after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed. Prior to the filing of an appeal in an appellate court, motions to dismiss are made to the court, commission, or commissioner from which appeal has been taken; after an appeal has been filed in an appellate court, motions to dismiss are made to that court.")

5. This Court may dismiss an appeal for failure to comply with the North Carolina Rules of Appellate Procedure, including the failure to settle the record on appeal. See Higgins v. Town of China Grove, 102 N.C. App. 570, 572, 402 S.E.2d 885, 886 (1991).

6. The last deadline to settle the record on appeal or to take any steps necessary to settle the record on appeal for the three notices of appeal expired over 120 days ago. Defendants have completely failed to comply with the North Carolina Rules of Appellate Procedure regarding preparation of transcripts and settling the record on appeal, therefore, the Defendants' appeals of the February 29 Order, the March 6 Order, and the March 22 Order should be dismissed.

WHEREFORE, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendants' appeal of the February 29 Order is Dismissed.

2. Defendants' appeal of the March 6 Order is Dismissed.

3. Defendants' appeal or the March 22 Order is Dismissed.

4. Sanctions pursuant to N.C. R. App. P. 25(b) are reserved in the event that the defendants fail to abide by the March 22 Order.

5. The Clerk of Superior Court for Randolph County or a member of the judicial support staff shall serve the parties with this order electronically or by mail consistent with N.C. R. Civ. P. 5.

This the 30th day of September 2024.

*/s/ Paul A. Holcombe, III*
PAUL A. HOLCOMBE III
Superior Court Presiding

STATE OF NORTH CAROLINA　　　FILED IN THE GENERAL COURT OF JUSTICE
RANDOLPH COUNTY　　　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　2024 OCT -1  P 4: 46　　23 CVS 867

Eastwood Construction, LLC, d/b/a
Eastwood Homes
　　　　　　　　　　　Plaintiff,　RANDOLPH CO., C.S.C.
　　　　　　　　　　　　　　　　BY_____

vs.

James L. Bryant, Jr.
Sharon R. Bryant　　　　　　　　　　　　CERTIFICATE OF SERVICE
　　　　　　　　　Defendants,

I hereby certify that the Order from the 9/30/24 hearing has been served upon the opposing parties by emailing a copy to:

**Palintiff**
James C. Adams, II at JADAMS@brookspierce.com

**Defendants**
James Bryant at jlbryantjr11@gmail.com
Sharon Bryant at srblackmon@hotmail.com

　　　　This the 1st of October 2024

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Mike Scearce- Court Manager 336-328-3199