**SIGNED this 18th day of November, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| James Lawrence Bryant, Jr., | )    Chapter 7 |
| Sharon Renea Bryant, | )    Case No. 25-10147 |
| | ) |
|     Debtors. | ) |
| _____ | ) |
| | ) |
| Eastwood Construction Partners, | ) |
| LLC dba Eastwood Homes, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    Adv. No. 25-02009 |
| v. | ) |
| | ) |
| James Lawrence Bryant, Jr., | ) |
| Sharon Renea Bryant, | ) |
| | ) |
|     Defendants. | ) |

## SCHEDULING ORDER AND ORDER DETERMINING COURT MAY ENTER FINAL JUDGMENT

The parties have conferred and submitted separate scheduling memoranda in accordance with Federal Rule of Civil Procedure 26(f) and Bankruptcy Rule 7026 and this scheduling order should be entered at this time without the parties appearing in court for a pre-trial/scheduling conference.

1

Now, therefore, it is ORDERED as follows:

1.     December 15, 2025, is the last day for filing motions to amend;

2.     December 15, 2026, is the last day for filing motions to join other parties;

3.     April 2, 2026, is the date within which discovery (general and expert), must be completed;

4.     Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

From the Plaintiff(s) by February 3, 2026

From the Defendant(s) by March 5, 2026;

5.     Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party; and

6.     May 5, 2026, is the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

7.     The initial pre-trial conference scheduled for November 25, 2025, is canceled.

8.     The Joint Motion to Continue Pretrial Scheduling Conference, ECF No. 35, is denied as moot.

9.    The deadline for filing final pre-trial disclosures and the required contents thereof shall be set by further order of the Court.

10.    On or before May 6, 2026, the Court will schedule a final pre-trial hearing, unless a dispositive motion has been filed, in which case any final pre-trial hearing will be set by further order of the Court.

11.    The deadline for filing or responding to any final pre-trial motions and the scheduling of a hearing to consider any such motions will be set by further order of the Court.

12.    At the final pre-trial hearing, the parties shall be prepared to discuss mediation, the scheduling and content of final pre-trial disclosures, procedures for any pre-trial motions, including motions in limine, the scheduling of trial, and any other matters which might make trial or other disposition of this adversary proceeding more efficient.

13.    The Court has authority to hear and determine this proceeding by final order, and Defendants have no right to a jury trial.  Further briefing is not necessary and will not assist the Court in its consideration of this well-settled issue.  "[I]n order for a bankruptcy court to hear and determine any matter, it must have subject matter jurisdiction under 28 U.S.C. § 1334, statutory authority under 28 U.S.C. § 157, and constitutional authority."  In re Dambowsky, 526 B.R. 590, 595 (Bankr. M.D.N.C.

2015).  A complaint to determine the dischargability of a debt is a core proceeding.  11 U.S.C. § 523(a)(6); see also id. at 602 ("A proceeding to except a debt from the debtor's discharge . . . falls within [the bankruptcy court's] subject matter jurisdiction as proceedings 'arising in' a case under title 11.").  Therefore, the Court has subject matter jurisdiction over this proceeding.  28 U.S.C. § 1334(b).  The Court has statutory authority to hear and determine this core matter under 28 U.S.C. § 157(b)(1) and (2)(A) and (I).  See also United States v. Wilson, 974 F.2d 514, 516 (4th Cir. 1992) (recognizing that objections to the dischargeability of particular debts are core proceedings within the jurisdiction of the bankruptcy courts).  Finally, this Court has constitutional authority to enter final judgment in this case.  1 Collier on Bankruptcy ¶ 3.02[3][a] ("The first category, matters of administration, includes . . . determinations as to the dischargeability of particular debts . . . .  There has never been any doubt about the constitutional authority of a nontenured judge to enter final orders in such matters, which are unique to bankruptcy cases.").  As a matter within the equitable power of the bankruptcy court, there is no right to a jury trial in proceedings to determine dischargability.  In re Varney, No. 94-2045, 81 F.3d 152 (Table), 1996 WL 138684, at *2 (4th Cir. Mar. 28, 1996) ("The consensus in the courts which have addressed this issue is that there is no constitutional right to a jury trial on

4

the issue of dischargeability.  We agree with these decisions that a proceeding by a creditor to determine dischargeability is equitable in nature and that a debtor who filed a voluntary bankruptcy petition has no right to a jury trial in such a proceeding.") (internal citations omitted).

[END OF DOCUMENT]

Parties to be Served
25-02009


John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff                            Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370