SO ORDERED.

SIGNED this 21st day of November, 2025.



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER**

This adversary proceeding is before the Court on the Defendants' Motion to Reconsider the Denial of Defendants' Motion to Dismiss the Adversary Proceeding filed by James L. Bryant, Jr. and Sharon R. Bryant (collectively "Defendants"). ECF No. 37.

1

Defendants are proceeding pro se.[1]  For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

Eastwood Construction, LLC d/b/a Eastwood Homes ("Plaintiff"), commenced this adversary proceeding on June 5, 2025; Plaintiff filed an Amended Complaint June 9, 2025, seeking to have the Court determine that debt owed to Plaintiff from Defendants is exempt from discharge under 11 U.S.C. § 523(a)(6). ECF No. 3 (the "Amended Complaint").  On August 29, 2025, Defendants moved to dismiss the adversary proceeding for failure to state a claim on which relief can be granted, among other things. ECF Nos. 16, 28.  Plaintiff filed a response to the Motion on September 22, 2025.  ECF No. 27.  The Court conducted a hearing on Defendants' motion on October 28, 2025, and took the matter under advisement.  ECF No. 30.  On November 18, 2025, after considering Defendants' motion, the Court entered an Order and Opinion Denying Defendants' Motion to Dismiss[2] holding: (1) that the bankruptcy court must determine dischargeability of the underlying debt under binding Supreme Court and Fourth Circuit

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

[2] This Court incorporates by reference the factual background outlined in the Order Denying Defendants' Motion to Dismiss.  ECF No. 36, at 3-10.  Defined terms shall have the meanings assigned in the Court's prior order unless specifically defined otherwise herein.

2

precedent, notwithstanding the Settlement Agreement and broad release, ECF No. 36, 11-15; (2) that neither the "Eastwood Release" Clause nor the "No Admission of Liability" Clause prohibited such an inquiry under the same precedent, id.; (3) that the action was not barred by Res Judicata, Collateral Estoppel, or Judicial Estoppel, id. at 15-17; (4) that the Amended Complaint sufficiently stated a claim for the underlying debt represented by the Confession of Judgment entered in state court; id. at p. 17-19; and (5) that Plaintiff's Amended Complaint stated a plausible claim under 11 U.S.C. § 523(a)(6), id. at 20-26.

On November 19, 2025, Defendants filed the current Motion asking this Court to reconsider and vacate its Order and Opinion Denying Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 59(e) and 60(b), made applicable by Federal Rules of Bankruptcy Procedure 9023 and 9024, to dismiss the adversary proceeding entirely, or, in the alternative, to require Plaintiff to appear and show cause why they should not be sanctioned for their lack of candor to the Court.

## DISCUSSION

The appropriate standard for reconsideration is determined by whether the order proposed to be reconsidered is interlocutory or final. Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). An order denying a motion to dismiss is interlocutory. See, e.g., In re TMG Liquidation Co., No. Adv. 11-

80212-HB, 2012 WL 4467553, at *1 (Bankr. D.S.C. Sept. 26, 2012) ("Denial of a motion to dismiss pursuant to Rule 12(b) 'is not a final order because it does not end the litigation on the merits and leave nothing for the court to do but execute the judgment'" (quoting Rux v. Republic of Sudan, 461 F.3d 461, 474 (4th Cir. 2006) (citation modified))).  Therefore, a motion to reconsider an interlocutory judgment does not trigger the standards for reconsideration that apply when a judgment is final.  See Fed. R. Civ. P. 59(e); Murphy Farms, Inc., 326 F.3d at 514 ("Rule 60(b) does not govern relief from interlocutory orders . . . ." (citing 12 Moore's Federal Practice § 60.23(2025))).  As such, neither Rule 59(e), nor 60(b) provide the appropriate standard at the motion to dismiss stage.  See, e.g., Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991). Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7054.  The Court has liberally construed the motion of Defendants as a request for reconsideration under Fed. R. Civ. P. 54(b).

Under Fed. R. Civ. P. 54(b), a court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Murphy Farms, Inc., 326 F.3d at 514-15.  A court may revise an interlocutory order in three circumstances: "(1) a subsequent

4

trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. at 515.  A motion under Rule 54(b) may not be used to raise new arguments that could have been raised previously.  Hatch v. DeMayo, No. 1:16CV925, 2018 WL 6003548, at *1 (M.D.N.C. Nov. 15, 2018) (Fed. R. Civ. P. 54(b) motions "should not be used to rehash arguments the court has already considered or to raise new arguments or evidence that could have been raised previously."(citing South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017))).

While Defendants' Motion generally restates previous arguments, Defendants raise an additional argument that was not raised previously, although it could have been.  Defendants contend that the Confession of Judgment is invalid because after it was entered, Plaintiffs filed a voluntary dismissal of all claims with prejudice in the State Lawsuit.  ECF No. 37, Ex. A.  The voluntary dismissal was not attached or integral to the Amended Complaint. Nevertheless, if Defendants had timely requested the Court to take judicial notice of the dismissal,[3] it is a matter that properly could be considered if its existence is not subject to reasonable

---

[3] Debtors have requested that the Court take judicial notice of the voluntary dismissal in connection with the motion to reconsider.  ECF No. 38 ("Debtors Judicial Notice of Eastwood's Voluntarily Dismissal with Prejudice of State Claims").

5

dispute and its accuracy can be readily determined from a source whose accuracy cannot be reasonably questioned. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b); see also Witthohn v. Federal Ins. Co., 164 Fed. Appx 395, 397 (4th Cir. Jan. 31, 2006) (holding that a district court could take judicial notice of public records in connection with a motion to dismiss, including a state court complaint); In re Phillips, 573 B.R. 626, 631 (Bankr. E.D.N.C. 2017) (taking judicial notice of a state court action on a motion to dismiss).

As a result of the voluntary dismissal with prejudice, Defendants contend that the Court failed to properly consider that the "underlying state-court claims" were "eliminat[ed]." ECF No. 37 at, 4. Defendants explain that this failure was the result of the Court's faulty assumption that the "state-court claims" survived dismissal of the underlying lawsuit after the Confession of Judgment had been entered. Id. at 4, 5. As explained by the Supreme Court in Archer v. Warner, the remaining efficacy of the underlying state court claims does not affect the bankruptcy court's obligation to assess the dischargeability of the debt by examining the nature of the circumstances giving rise to the debt. 538 U.S. 314 (2003). Nevertheless, even if the Court were to consider the voluntary dismissal, there was no manifest error of law that would require reconsideration and the dismissal did not affect the efficacy of the Confession of Judgment.

Defendants attribute the failure to consider the dismissal to the Plaintiff because Plaintiff did not include the voluntary dismissal with their Amended Complaint. Defendants argue that if the Court had considered the voluntary dismissal, it would have granted Defendants' Motion to Dismiss. On this basis, Defendants argue that the Court's prior decision was clearly erroneous and that maintaining it would work manifest injustice, demanding reconsideration.

Under North Carolina law, a dismissal with prejudice usually operates as an adjudication on the merits and has res judicata implications. Caswell Realty Assocs. I, L.P. v. Andrews Co., Inc., 496 S.E.2d 607, 610 (N.C. Ct. App. 1998). But in this case, the voluntary dismissal itself preserved Plaintiff's claim under the Confession of Judgment. Cf. In re Fowler, 312 B.R. 287, 294 (Bankr. E.D.N.C. 2004) (where all but one claim was dismissed with prejudice in the prior state court action, the dischargeability of the remaining claim could be considered in a later dischargeability action; finding "the plaintiff's . . . abandonment of unspecified state court claims as possible separate and additional bases for recovery against the defendant by dismissing them with prejudice does not support application of collateral estoppel or res judicata in this proceeding"). In Archer, as in the present case, after the parties reached a settlement agreement to resolve their litigation and before the bankruptcy proceedings, "the [plaintiff]

7

voluntarily dismissed the state-court lawsuit with prejudice." 538 U.S. at 317.  As in Archer, the voluntary dismissal of all remaining claims did not vitiate the obligations evidenced by the Settlement Agreement or Confession of Judgment in this case.

The State Court's orders, including the Confession of Judgment, are not reviewable by this Court and sufficiently establish the continuing efficacy of the judgment. See ECF No. 3, Ex. B.  The State Court's Order Granting Plaintiff's Motion to Enforce Settlement Agreement provided both: (1) that the "[Plaintiff] shall file the Confession of Judgment," and (2) that "Plaintiff shall dismiss its claim in this action pursuant to Paragraph 4(c) of the Settlement Agreement." Id.  Paragraph 4(c)(ii) of the Settlement Agreement provides that "[u]pon filing of the Dismissal by Defendants, [Plaintiff] shall execute and file a Stipulation of Voluntary Dismissal with Prejudice of the State [Court] Lawsuit with the Randolph County Clerk of Superior Court, dismissing all claims without prejudice." ECF No. 28, at 32.

As required by that Order, Plaintiff filed the Confession of Judgment and thereafter voluntarily dismissed its remaining claims with prejudice.  ECF No. 3, Ex. C.  Significantly, the voluntary dismissal by its own terms preserves the obligations in the Confession of Judgment: "This dismissal of pending claims has no effect on the Confession of Judgment filed and recorded on March 25, 2024[,] pursuant to an Order of the Court dated March 22, 2024,

8

nor does Plaintiff waive any of its rights to collect on the Confession of Judgment." ECF No. 37, Ex. A. The plain language of both the State Court order and voluntary dismissal eliminate any argument that dismissal precluded the Confession of Judgment. If Defendants believed the State Court erred, the appropriate remedy was to appeal the judgement in state court, as this Court cannot sit in appellate jurisdiction over state court judgements. See Rooker v. Fidelity Trust Co., 263 U.S. 413, (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

As explained in the Order and Opinion Denying Defendants' Motion to Dismiss, it is the facts and circumstances giving rise to the liability in the Confession of Judgment which the Court must consider in this adversary proceeding under Archer and In re Hilgartner, 91 F.4th 186 (4th Cir. 2024).[4] Id. For the reasons set forth in the Court's prior order, Plaintiff has sufficiently stated a claim for nondischargeability of that debt, and because none of the basis for reconsideration under Fed. R. Civ. P. 54(b) are present in this case, the Court will deny the Motion.

---

[4] Defendants also request that this Court Order Plaintiff to appear and show cause why they should not be sanctioned for their lack of candor to the Court. Defendants' request is premised on the fact that Plaintiff's failure to include the voluntary dismissal was intentional and caused the Court to rule on an incomplete, misleading record. Nothing in Defendants filings contains allegations of malfeasance by Plaintiff in failing to attach the dismissal. Therefore, the Court will not direct Plaintiff to show cause why it should be sanctioned.

9

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the Defendants' Motion to Reconsider the Denial of Defendants' Motion to Dismiss, ECF No. 37, is denied.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02009

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    VIA CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong                          VIA CM/ECF
Counsel for Plaintiff

11