IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
AP CASE # 25-02009
(MAIN CASE # 25-10147)

FILED DEC 4 '25 AM 10:11 USBC-GBO

| | |
|---|---|
| JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,  Debtors | MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL |

**NOW COME Defendants James and Sharon Bryant ("Defendants"), pro se**, and respectfully move this Court, under its inherent authority, 11 U.S.C. §105(a), Fed. R. Bankr. P. 9029, and the North Carolina Rules of Professional Conduct as adopted by this District, for an Order **disqualifying Plaintiff's counsel—Brooks Pierce LLP, including attorneys Jamey Lowdermilk, Katie Wong, Clint Morse, and James Adams—from further participation in this adversary proceeding**, based on:

1. **irreversible taint arising from their misuse and retention of Rule 2004 materials obtained post-discharge,**

2. **misuse of confidential Bar and Judicial Standards Commission materials,**

3. **premature and improper filing of a 400-page "ambush" summary judgment motion,**

4. **concealment of their own November 3, 2025 dismissal with prejudice,**

5. **post-discharge harassment through an improper motion to show cause,**

6. **abuse of process designed to coerce, intimidate, and retaliate,**

7. **appearance of impropriety and conflict of interest involving attorney Jamey Lowdermilk, a former law clerk to this Court,**

8. **violations of the November 10, 2025 Stay Order,** and

9. **conduct undermining the integrity of these proceedings.**

Disqualification is the **only remedy** capable of restoring fairness and ensuring the proceedings remain untainted by improperly obtained information, ethical conflicts, and appearance-of-impropriety concerns.

---

## I. INTRODUCTION

This adversary proceeding has been infected by an escalating pattern of misconduct by Eastwood's counsel. That misconduct strikes at the core of the integrity of the judicial process and has fundamentally compromised the fairness of the litigation.

Specifically:

- Counsel obtained **46 months of Defendants' personal and financial documents** post-discharge using an **improper Rule 2004 exam strategy**,

- Counsel **retained and used** those documents despite the Court's Stay Order,

- Counsel relied on that material to manufacture a defamatory and unfounded "mortgage fraud" theory, which the Court already noted was inappropriate,

- Counsel filed a **400-page premature and procedurally improper summary judgment motion** only **three days** after withdrawing their defective Rule 2004 filings,

- Counsel intentionally withheld from the Court and opposing party that **their state-court case had been dismissed with prejudice on November 3, 2025**,

- Counsel submitted an affidavit containing **confidential State Bar and Judicial Standards Commission complaint material**, violating rules and statutes,

- Counsel filed a **motion to show cause against the Debtors on September 5, 2025, one day after discharge**, in clear retaliation and in violation of the discharge injunction.

Most concerning, the pattern of misconduct is intertwined with the involvement of **attorney Jamey R. Lowdermilk**, a **former law clerk to Judge Benjamin A. Kahn.**

Her active participation in this adversary proceeding—given her former role, her proximity to the Court, and the impropriety of her conduct—creates an **objectively unacceptable appearance of a conflict of interest** and raises significant questions about the propriety of counsel's strategy.

This is precisely the type of circumstance where courts routinely require **disqualification**, to preserve the appearance and reality of impartial justice.

## II. FACTUAL BACKGROUND

### A. Post-Discharge Motion to Show Cause to Obtain Documents (Sept. 5, 2025)

One day after Defendants received their discharge (Sept. 4, 2025), Eastwood filed a **motion to show cause** seeking sanctions and demanding vast financial documents. This was done:

- without legal basis,
- in retaliation for the discharge, and
- in violation of the discharge injunction.

### B. Improper Rule 2004 Document Demands Through Sept. 30, 2025 Hearing

During the September 30 hearing, counsel demanded updated bank statements month-to-month—**post-discharge**—and pressed a baseless "mortgage fraud" theory. The Court later rejected the theory in its 11/10/25 Stay Order.

### C. November 10, 2025 Stay Order

The Court stayed the Rule 2004 exam, criticizing Plaintiff's conduct, and held that there had been **substantial changes in circumstances** and **manifest injustice** requiring reconsideration. This Order should have ended misuse of documents.

### D. Yet Counsel Continued to Retain and Use the Tainted Documents

Despite the Stay Order and despite withdrawing the 2004 exam and show cause motions on November 11:

- Counsel refused to return or destroy documents,
- Counsel retained tainted information,
- Counsel used them in a premature dispositive motion.

### E. Premature 400-Page Summary Judgment Filed Nov. 14, 2025

Just **three days** after withdrawing the 2004 filings and **without:**

- initial disclosures,
- a scheduling order,

- any discovery exchanged,
- the motion to dismiss having been ruled on,

counsel filed an unprecedented **400-page ambush MSJ.**

### F. Concealment of Eastwood's Own Dismissal With Prejudice (11/3/25)

Counsel knew Eastwood had voluntarily dismissed its state action with prejudice on November 3, yet withheld this from:

- the Court,
- Defendants,
- their own MSJ filings.

This concealment distorted the record.

### G. Improper Use of Confidential Bar & Judicial Commission Materials

Counsel submitted an affidavit (Adams Decl.) which disclosed confidential State Bar and Judicial Standards Commission complaint content—an act that violates:

- confidentiality statutes,
- Bar rules,
- judicial ethics provisions.

### H. The Former Law Clerk Conflict – Attorney Jamey R. Lowdermilk

This factor uniquely heightens the appearance-of-impropriety danger.

Attorney **Jamey R. Lowdermilk** served as a **law clerk to Judge Benjamin A. Kahn**—the presiding judge in this adversary proceeding.

Her active participation as counsel in:

- the improper Rule 2004 strategy,
- the post-discharge show cause motion,
- the continued retention of tainted materials,
- the premature MSJ,

- the concealment of the dismissal,
- the mortgage fraud theory criticized in the Stay Order,

creates a **serious appearance-of-impropriety** and undermines public confidence in judicial neutrality.

Courts universally hold that:

- former law clerks appearing before their judge create heightened scrutiny,
- even potential appearance issues require disqualification,
- misconduct by a former clerk is particularly corrosive to the integrity of the tribunal.

Here, the misconduct is not hypothetical—it is **ongoing** and **documented**.

Her involvement taints the entire litigation team.

---

### III. LEGAL STANDARD

Courts have inherent authority to disqualify counsel to:

- protect the integrity of the proceedings,
- prevent misuse of confidential information,
- avoid appearance of impropriety,
- safeguard judicial neutrality.

Federal courts disqualify counsel where:

- taint exists,
- ethical rules are violated,
- conflicts of interest appear,
- unfair advantage has been gained through improperly obtained materials, or
- former law clerks appear in circumstances that compromise neutrality.

Your Memorandum of Law will elaborate with specific ethics rules and case law.

## IV. ARGUMENT

### A. Irreversible Taint From Improper Rule 2004 Materials Requires Disqualification

Once counsel obtained and reviewed 46 months of personal financial records, the bell cannot be unrung.

### B. Counsel Violated the Stay Order and Continued Using Tainted Information

This independently warrants disqualification.

### C. Counsel's Concealment of Their Own Dismissal With Prejudice Demonstrates Bad Faith

This behavior undermines trustworthiness in filings.

### D. Improper Use of Confidential Bar and JSC Complaint Materials

This violates ethics rules and warrants removal.

### E. The Former Law Clerk Conflict (Lowdermilk) Requires Disqualification

The appearance-of-impropriety harm is severe and unrecoverable.

This is one of the strongest bases for relief.

### F. Premature 400-Page Summary Judgment Filing Shows Improper Intent and Tainted Strategy

Filed while still in possession of tainted materials.

### G. Only Disqualification Can Restore Integrity

Protective orders, admonitions, or evidentiary exclusions are insufficient.

## V. REQUEST FOR INTERIM PROTECTIVE RELIEF

Pending resolution of this motion, Defendants request:

1. That Plaintiff and its counsel be barred from filing any **substantive or dispositive motions**;
2. That Plaintiff be barred from relying on or referencing any Rule 2004 materials;

3. That all MSJ briefing be stayed;

4. That the Court schedule expedited hearing on this motion.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. **Disqualify Brooks Pierce LLP**, including attorneys Jamey R. Lowdermilk, Katie Wong, Clint Morse, and James Adams,

2. Order Plaintiff to **return or destroy all Rule 2004 materials** and certify compliance,

3. Stay all dispositive motions pending resolution,

4. Award any further relief the Court deems just and proper.

Respectfully submitted this 4th day of December 2025.

*/s/ James L. Bryant, Jr. and Sharon R. Bryant*
James L. Bryant, Jr. and Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Motion to Disqualify Plaintiff's Counsel* was served on all creditors and parties in interest by CM/ECF and by U.S. Mail to the following:

Katie Wong
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
150 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1800 (27602)
KWong@BrooksPierce.com
Phone: 919.882.2520

Clint Sheppard Morse
NC Bar No. 38384
cmorse@brookspierce.com

Jamey M. Lowdermilk
NC Bar No. 52271
jloudermilk@brookspierce.com
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
230 North Elm Street, Suite 2000
Greensboro, NC. 27401
Phone: 336.271.3167

Vicki Parrot
Trustee

John Paul Hughes Cournoyer
Bankruptcy Administrator

Respectfully submitted this 4th day of December 2025.

James L. Bryant, Jr. and Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com