**SO ORDERED.**

**SIGNED this 8th day of December, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

```
                    UNITED STATES BANKRUPTCY COURT
                   MIDDLE DISTRICT OF NORTH CAROLINA
                          GREENSBORO DIVISION

In re:                              )
                                    )
James Lawrence Bryant, Jr.,         )
Sharon Renea Bryant,                )       Chapter 7
                                    )       Case No. 25-10147
                                    )
     Debtors.                       )
_____)
                                    )
Eastwood Construction Partners,     )
LLC dba Eastwood Homes,             )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )       Adv. No. 25-02009
                                    )
James Lawrence Bryant, Jr.,         )
Sharon Renea Bryant,                )
                                    )
     Defendants.                    )
_____)
```

### ORDER ON DEFENDANTS' DOCUMENT TITLED
### "COUNTERCLAIMS OF DEFENDANTS"

This adversary proceeding is before the Court on the document titled "Counterclaims of Defendants," filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants") on December 4,

1

2025. ECF No. 47. Defendants are proceeding pro se.[1] For the reasons stated herein, the Court will liberally construe the document as an amendment as of right to Defendants' answer to the amended complaint to add counterclaims under Federal Rule of Civil Procedure 15(a)(1)(A), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015, and as a third-party complaint against the additional named entities under Rule 14, made applicable to this proceeding by Fed. R Bankr. P. 7014. ECF No. 47.

**Background**

Eastwood Construction, LLC d/b/a Eastwood Homes ("Plaintiff"), commenced this adversary proceeding on June 5, 2025, and filed an amended complaint June 9, 2025, seeking to have the Court determine that debt owed to Plaintiff from Defendants is exempt from discharge under 11 U.S.C. § 523(a)(6). ECF No. 3. On August 29, 2025, Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, among other things. ECF Nos. 16 & 28. Plaintiff filed a response to the motion to dismiss on September 22, 2025. ECF No. 27. The Court conducted a hearing on Defendants' motion on October 28, 2025, and took the matter under advisement. ECF No. 30. On November 18, 2025, the Court entered an Order and Opinion Denying

---

[1] The Court must construe filings by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

Defendants' Motion to Dismiss.  ECF No. 36.  On November 19, 2025, Defendants filed a motion asking this Court to reconsider and vacate its Order and Opinion Denying Defendants' Motion to Dismiss, ECF No. 37, which the Court also denied.  ECF No. 41.

Prior to the Court's Order and Opinion Denying Defendant's Motion to Dismiss, the parties conferred and submitted separate scheduling memoranda.  ECF Nos. 33 & 34.  On November 19, 2025, in accordance with Federal Rule of Civil Procedure 26(f) and Bankruptcy Rule 7026, the Court entered a Scheduling Order and Order Determining Court May Enter Final Judgment; that Order set December 15, 2025, as the last day for filing motions to amend and join other parties.  ECF No. 39.  On December 1, 2025, Defendants timely filed an Answer to Plaintiff's Amended Complaint.  ECF No. 45.

On December 4, 2025, Defendants filed the document now before the Court.  ECF No. 47.  Defendants identified Counterclaims against the following individuals in their personal and official capacities: (1) Plaintiff; (2) Clark Stewart; (3) Jamie Lowdermilk; (4) Katarina Wong; (5) Clint Morse; (6) James Adams II; (7) and Allen Nason (the "Third-Party Defendants").  Id. at 2.[2]

---

[2] Defendants' putative counterclaims include: (1) claims under 42 U.S.C. § 1981 for Discrimination;(2) claims under 42 U.S.C. § 1981 for Retaliation; (3) Claims under 42 U.S.C. § 3604 for Discrimination; (4) Claims under 42 U.S.C. § 3617 for Retaliation;(5) Breach of Settlement Agreement; (6) Breach of

**Analysis**

Under Federal Rule of Civil Procedure 13 a defendant in an adversary proceeding may plead a counterclaim against an "opposing party," within its responsive pleading. Fed. R. Civ P. 13.[3] An "opposing party" includes an original defendant's counterclaims against the original plaintiff. Fed. R. Civ. P. 13(a), (b).

Under Federal Rule of Civil Procedure 14 a defendant may file a motion to implead a third-party defendant "who is or may be liable to [the defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).[4] A party may implead any third-party defendant, without leave of court, if she files her third-party complaint within 14 days of filing her answer. Fed. R. Civ. P. 14(a). After filing a third-party complaint, the clerk issues

---

Confidentiality; (7) Common law Fraud & Fraudulent Inducement; (8) Unfair and Deceptive Trade Practices under North Carolina law; (9) Abuse of Process; (10) Violation of Discharge Injunction; (11) Sanctions under 11 U.S.C. § 105; (12) a Declaratory Judgment that the Confession of Judgment "created no valid lien"; (13) a Declaratory Judgment declaring that the "injunction expired and was extinguished by dismissal with prejudice"; (14) Intentional Inflection of Emotional Distress; (15) Punitive Damages for willful, malicious, and reckless conduct. ECF No. 47, at 7-8 (the "Counterclaims").

[3] See 4 Moore's Federal Practice § 20.02 (2025).

[4] Rule 14 provides in relevant part:

a) When Defendant May Bring in Third Party.

(1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving [the] original answer.

Fed. R. Civ. P. 14(a)(1).

a third-party summons. ECF No. 51. At which point, a third-party defendant must be served under the general service of process rule.[5] See Fed. R. Bankr. P. 7004; Local Rule 7007-1(4).

In their filing, Defendants assert numerous counterclaims against Plaintiff and similar claims against the third-party defendants. ECF No. 47, at 3. Defendants timely filed their Answer to Plaintiff's amended complaint on December 1, 2025, and the document was filed on December 4, 2025, meaning that if the document were an amendment to Defendants' answer or a third-party complaint, it would be timely and as of right under Fed. R. Civ. P. 15(a)(1)(A); Fed. R. Civ. P. 14(a); ECF No. 47. The Court will liberally construe the document as an amendment to Defendants' answer, asserting counterclaims against Plaintiff. Id.

As for the putative claims against the third parties, under Rule 14, a third-party complaint may be filed with the Clerk of Court as of right within 14 days of filing their answer. Fed. R. Civ. P. 14(a) ("the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer"). The Court will liberally construe the putative claims asserted against third

---

[5] 3 Moore's Federal Practice § 14.22 (2025) ("The service of process is important because impleader joins a new party to the case. That erstwhile nonparty must be brought before the jurisdiction of the court.")

5

parties as a third-party complaint under Rule 14.  Fed. R. Civ. P. 14(a).[6]

Now, therefore, it is ORDERED that the document titled "Counterclaims of Defendants," is construed as an Amendment to Defendants' Answer to Amended Complaint to add counterclaims and as a third-party complaint against the Third-party Defendants identified therein.  ECF No. 47.  Under Fed. R. Bankr. P. 7012(a)(4), Plaintiff shall have 21 days after service of the counterclaims to answer.  Responses to the third-party complaint are governed by Rules 7012 and Fed. R. Civ. P. 14(a)(2), made applicable by Fed. R. Bankr. P. 7014.

[END OF DOCUMENT]

---

[6] Nothing herein should be construed as an assessment of the efficacy of any claims, the propriety of joining additional third-party defendants to this adversary proceeding, or the propriety of any particular claims asserted by Defendants.

<u>Parties to be Served</u>
25-02009

```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                         Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff                                 Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370
```