IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re:<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>    Debtors. | Case No. 25-10147<br><br>Chapter 7 |
| EASTWOOD CONSTRUCTION PARTNERS, LLC d/b/a EASTWOOD HOMES,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>    Defendants | Adversary Proceeding No. 25-02009 |

**EASTWOOD'S RESPONSE TO DEFENDANTS' MOTION TO DEFER OR DENY PLAINTIFF'S PREMATURE MOTION FOR SUMMARY JUDGMENT**

Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood"), by and through undersigned counsel and pursuant to Local Rule 7007-1, responds (the "Response") to the Motion to Defer or Deny Plaintiff's Premature Motion for Summary Judgment (the "Motion to Defer") filed by Defendants James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants"). *See* ECF No. 44. In support of this Response, Eastwood shows unto the Court as follows below.

1.  Eastwood filed its motion for summary judgment ("Motion for Summary Judgment") on November 14, 2025, requesting that the Court enter a judgment in favor of Eastwood on its claim for willful and malicious injury under 11 U.S.C. § 523(a)(6). ECF No. 41.

2. Defendants filed the Motion to Defer seeking to defer, deny, or continue Eastwood's Motion for Summary Judgment under Rule 56(d) of the Federal Rules of Civil Procedure.

3. Defendants fail to show that they cannot present facts essential to justify its opposition under Rule 56(d). Defendants raise three facts that relate to Eastwood's claim for willful and malicious injury: (1) "the Glock allegation;" (2) "[a]lleged harassment of customers;" and (3) "[a]lleged $75,000 lost profits." ECF No. ECF No. 44 at 2-3; *see also id.* at 5-6.

4. With respect to "[a]lleged harassment of customers" and [a]lleged $75,000 lost profits," no additional facts are necessary where Defendants have already confessed to both facts in their Confession of Judgment. ECF No. 3-3 at 2, 3, 4. As set forth in Eastwood's Brief in Support of its Motion for Summary Judgment, Defendants should be estopped from impeaching their own confessed facts under the doctrine of estoppel by benefit, among other reasons. ECF No. 32 at 20-25.

5. With respect to "the Glock allegation," Defendants do not need additional discovery where Mrs. Bryant filmed Mr. Bryant brandishing his firearm at a rally outside of their home on April 22, 2023 and then posted the video on to the public on Facebook. Presumably, Defendants still possess this video. If Eastwood can find the video, Eastwood will submit the video at the hearing, and Defendants' objection to the same cannot defeat summary judgment under *Scott v. Harris*, 550 US 372 (2007).

6. If Eastwood cannot find the video and the Court considers "the Glock allegation" as contested, Eastwood is still entitled to summary judgment because the confessed facts establish willful and malicious injury under 11 U.S.C. § 523(a)(6).

7. Additionally, the record shows that the Bryants attempted to extort additional consideration from Eastwood by refusing to dismiss their federal complaint and threatening to continue to drive up the cost of litigation. ECF 31-14, Exs. 1-3; ECF No. 31-21; ECF No. 31-22; ECF No. 31-23; ECF No. 31-24.

8. It would condone the Bryants' misconduct and allow them to succeed in needlessly increasing litigation costs if the Court continues the Motion for Summary Judgment. The net result will be a continuation of the Bryants' excessive filings and irrelevant discovery requests. See, e.g., Motion to Disqualify and Memo in Support of the Same. ECF Nos. 49 and 50.

Wherefore, Eastwood respectfully requests that the Court:

1. Deny Defendants' Motion to Defer; and
2. Grant Eastwood's Motion for Summary Judgment.

Respectfully submitted, this the 9th day of December, 2025.

*s/* Katarina K. Wong

Clint S. Morse
  NC Bar No. 38384
  cmorse@brookspierce.com
Jamey Lowdermilk
  NC Bar No. 52271
  jlowdermilk@brookspierce.com
Katarina K. Wong
  NC Bar No. 55040
  kwong@brookspierce.com
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, LLP
230 North Elm Street, Suite 2000
Greensboro, NC  27401
Phone: 336.271.3167
Fax:    336.232.9167

*Attorneys for Creditor Eastwood Construction Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response in Opposition to the Motion to Defer or Deny Plaintiff's Premature Motion for Summary Judgment was served on all parties who have made an appearance in the above captioned bankruptcy case by filing with the Court's CM/ECF system and by mailing as shown below.

>James Lawrence Bryant, Jr.
>Sharon Renea Bryant
>5629 Siler Street
>Trinity, NC  27370
>jlbryantjr11@gmail.com
>srblackmon@hotmail.com
>
>*Debtors via Email and Certified Mail with Return Receipt*
>
>John Paul Hughes Cournoyer
>
>*Bankruptcy Administrator via CM/ECF*
>
>Vicki L. Parrott
>NORTHEN BLUE, LLP
>1414 Raleigh Road, Suite 435
>Chapel Hill, NC  27517
>vlp@nbfirm.com
>
>*Trustee via Email and First-Class Mail*

This the 9th day of December, 2025.

*s/* Katarina K. Wong
