- IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re:<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>        Debtors. | Case No. 25-10147<br><br>Chapter 7 |
| EASTWOOD CONSTRUCTION PARTNERS, LLC d/b/a EASTWOOD HOMES,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>        Defendants. | Adversary Proceeding No. 25-02009 |
| JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>        3rd Party Plaintiffs,<br><br>v.<br><br>CLARK STEWART, ALLEN NASON, JAMES C. ADAMS, II, CLINT MORSE, JAMEY LOWDERMILK, and KATARINA K. WONG,<br><br>        3rd Party Defendants. | Adversary Proceeding No. 25-02009 |

**EMERGENCY MOTION FOR PROTECTIVE ORDER SOUGHT BY PLAINTIFF EASTWOOD CONSTRUCTION PARTNERS, LLC AND RELATED PARTIES**

Plaintiff Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood"), Third-Party Defendant Clark Stewart, Third-Party Defendant Allen Nason, Third-Party Defendant James C. Adams, II, Third-Party Defendant Clint Morse, Third-Party Defendant Jamey Lowdermilk, and Third-Party Defendant Katarina Wong (collectively, "Movants"), pursuant to

1

Rules 26(c) and 26(g) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully move the Court for entry of a protective order (1) relieving Movants of their obligation to respond to certain discovery requests served by Defendants/Third-Party Plaintiffs James Lawrence Bryant, Jr. and Sharon Renea Bryant (the "Bryants"); and (2) quashing third-party subpoenas served by the Bryants (the "Emergency Motion"). In support of the Emergency Motion, Movants show the Court as follows below.

## SUMMARY OF NEED FOR EMERGENCY RELIEF

The Bryants recently served a Notice of Entry purporting to demand entry into the law offices of undersigned counsel on December 22, 2025. Nothing justifies the Bryants' request. Given their previous statements regarding firearm ownership and purported self-defense rights (ECF No. 31-7 at 21-22), Brooks Pierce will not permit the Bryants from entering their offices.

While the Notice of Entry creates the need for emergency relief, the Bryants' proliferation of burdensome and irrelevant discovery, discussed below, also requires immediate relief. To that end, Movants request that the Court grant this Motion on an emergency basis.

## BACKGROUND

1. On December 4, 2025, the Bryants filed counterclaims (the "Counterclaims") against Eastwood. ECF No. 47.

2. On December 4, 2025, the Bryants filed third-party claims (the "Third-Party Claims") against Clark Stewart, CEO of Eastwood; Allen Nason, General Counsel of Eastwood; and Eastwood's attorneys in their "personal and official capacities." ECF No. 47.

3. The Bryants' Counterclaims and Third-Party Claims consist of (a) counterclaims that were released by a settlement agreement entered into between Defendants and Eastwood; (b) counterclaims already decided by the United States District Court for the Middle District of

North Carolina (Case No. 1:23-cv-00637-LPA); (c) counterclaims and third-party claims not supported by existing law or any nonfrivolous argument for extending, modifying, and reversing existing law, and (d) counterclaims and third-party claims that fail to meet the Civil Rule 12(b)(6) pleading standard, made applicable by Bankruptcy Rule 7012 (the "Filings").

4. On November 24, 2025, the Bryants served a set of discovery requests directed to Eastwood on Eastwood's counsel ("Eastwood Discovery Requests"). A copy of the Eastwood Discovery Requests is attached as **Exhibit 1.**

5. Most of the Eastwood Discovery Requests seek information that is not related, in any way, to the dischargeability matters at issue in the adversary proceeding, including Interrogatory Nos. 4–11 and 15–21, Document Requests Nos. 1–8 and 12–20, and Requests for Admissions Nos. 6–11.

6. On December 9, 2025, Eastwood and Movants served a Rule 9011 letter on the Bryants, providing notice that their Counterclaims and Eastwood Discovery Requests lacked any basis in law and fact, and that many of their Counterclaims were barred by the Bryants' release in the settlement agreement. To the extent that the Bryants were complaining about Eastwood's motion practice in the bankruptcy case, the *Noerr-Pennington* doctrine bars claims sounding in tort for litigation conduct. The Bryants' Filings will be subject to a forthcoming Rule 9011 motion for sanctions that will be filed on or around December 31, 2025, once the twenty-one day safe harbor period for voluntary withdrawal expires.

7. Additionally, as this Court has now summarized in its Order Denying Motion for Sanctions, *see* ECF No. 166 in the bankruptcy case, the thrust of Debtors' argument is that, by seeking and obtaining a Rule 2004 examination, filing a Motion to Compel as to the Rule 2004 examination, filing the adversary proceeding to determine the dischargeability of the confession

of judgment, and filing a motion for summary judgment before discovery was complete, Eastwood attempted to collect on the confession of judgment post-petition and pre-discharge, making these actions a willful violation of the automatic stay under 11 U.S.C. § 362. ECF No. 103, at 2. These arguments are not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law.

8. On December 12, 2025, the Bryants served their notice of entry upon land for inspection and examination ("Notice of Entry") on Eastwood's counsel. A copy of the Notice of Entry is attached as **Exhibit 2.**

9. The Notice of Entry proposed to conduct an inspection of the law firm of Brooks, Pierce, McLendon, Humphrey & Leonard, LLP on December 22, 2025, at 10:00 am. The purpose of this inspection is to examine "documents and materials belonging to Plaintiffs that were obtained and are being retained in connection with the Rule 2004 examination."

10. On December 12, 2025, the Bryants served "notice" of six subpoenas it intended to serve (the "Subpoenas"). A copy of the Subpoenas is attached as **Exhibit 3.**

11. The Subpoenas are directed to T-Mobile USA, Inc., Microsoft Corporation Subpoena, Verizon Wireless, AT&T Mobility, Meta Platforms, Inc., and Google. The Subpoenas generally ask for the following categories of information, including, but not limited to;

    a. Phone records relating to the business office lines of Third-Party Defendants James C. Adams, II, Clint Morse, Jamey Lowdermilk, and Katarina Wong;

    b. Eastwood's emails and email metadata in "Microsoft 365 / Exchange accounts" and Gmail accounts pursuant to certain search terms;

    c. Eastwood's "Microsoft Team chats" and "Google chat" communications pursuant to certain search terms;

  d. Eastwood's documents and metadata in "SharePoint," "OneDrive," and "Google Drive" pursuant to certain search terms;

  e. Records relating to Eastwood's "Microsoft 365 / Exchange accounts" and Gmail accounts including "audit, sign-in, access, and mailbox logs," "deletion, retention, purge, and recovery logs;" and

  f. Records relating to Eastwood's Facebook and Instagram accounts, including "[a]ccount access, login, and activity logs" and "[a]dmin role changes, IP logs, and account history;" "workspace admin audit logs and access logs," and "deletion and retention logs for responsive materials."

12. On December 12, 2025, the Bryants served discovery requests on Jamey Lowdermilk and Katarina Wong (the "Lowdermilk and Wong Discovery Requests"). A copy of the Lowdermilk and Wong Discovery Requests are attached as **Exhibits 4 and 5.**

13. The Lowdermilk and Wong Discovery Requests contain requests that seek broad categories of documents related to Ms. Lowdermilk and Ms. Wong's involvement in Eastwood's litigation against the Bryants, and such documents are protected by attorney-client privilege and work product doctrine. The Lowdermilk and Wong Discovery Requests also seek broad categories of documents that were exchanged between Eastwood's counsel and the Bryants or filed in this proceeding. Several requests also seek answers to legal questions.

## BASIS FOR RELIEF REQUESTED

14. Under Civil Rule 26(c)(1), a court "may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . forbidding the disclosure or discovery." Civil Rule 26(c)(1)(A).

15. Under Civil Rule 26(c)(2), "if a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."

5

16.     "To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." *In re Short*, No. 21-50463, 2022 WL 301659, at *3 (Bankr. M.D.N.C. Jan. 28, 2022) (*citing Kinetic Concepts, Inc., v. Convatec, Inc.*, 268 F.R.D. 255, 259 (M.D.N.C. 2010)). If the moving party makes this showing, then the non-moving party "must establish that the information is sufficiently necessary and relevant to [its] case to outweigh the harm of disclosure." *Id.*

17.     The Eastwood Discovery Requests, Notice of Entry, Subpoenas, and Lowdermilk and Wong Discovery Requests (collectively, the "Requests") are irrelevant as well as oppressive, unduly burdensome, and expensive considering the needs of the case, the amount in controversy, and the issues at stake in the litigation.

18.     Plainly there is no non-frivolous argument to allow the Bryants access to Brooks Pierce's law offices. Given the Bryants' history of wielding a firearm (ECF No. 31-7 at 21-22), Eastwood's counsel refuse to allow the Bryants entry into their law offices. The Notice of Entry should be quashed and a protective order regarding the same should be entered on an emergency basis.

19.     Additionally, the Requests seek broad categories of information and documents that are not relevant to any party's claim or defense. For example:

   a.     The Subpoenas ask for phone records relating to Third-Party Defendants James C. Adams, II, Clint Morse, Jamey Lowdermilk, and Katarina Wong's business lines. Information relating to their calls is relevant to Eastwood's claim for willful and malicious injury or the Bryants' purported counterclaims and third-party claims.

   b.     The Bryants appear to allege only one claim against Ms. Lowdermilk and Ms. Wong - race discrimination under 42 U.S.C. §1981. None of the Lowdermilk and Wong

6

Discovery Requests relate to race discrimination and instead request information relating to the main bankruptcy case, the instant adversary proceeding, and their involvement in both.

20. The Requests seek broad categories of confidential and/or privileged information and documents such as Eastwood and its counsel's phone, email, and social media records, and documents regarding Eastwood's litigation of its claims against the Bryants.

21. The Requests also seek information and documents related to claims that were dismissed in the federal lawsuit or released by Defendants in the relevant settlement agreement. *See* ECF No. 31-22, ECF No. 32-23; ECF No. 33-24. A copy of the amended complaint filed in the federal lawsuit is attached as **Exhibit 6.**

22. The Bryants have served or intend to serve subpoenas that seek content information in violation of the Stored Communication Acts. *See* 18 U.S.C. § 2702.

23. The Bryants intend to harass Eastwood and the Third-Party Defendants with their requests, which is a continuation of their long history employing discovery procedures without any basis in fact or law against Eastwood as harassment:

    a. In the state lawsuit, the Bryants sought to depose Eastwood's CEO, Clark Stewart, even though Mr. Stewart lacked any personal knowledge of the issues relating to the Bryants' neighborhood, Piper Village, or the Bryants, themselves. In fact, Mr. Bryant emailed Eastwood's counsel and stated: "In the interim, please ask your client their wishes concerning settlement in lieu of this time consuming, expensive discovery. I am bound to 'discover;' some information that may be damning, embarrassing, or even illegal during this process. . . . What will the President and CEO of Eastwood think and do when they get a subpoena to be deposed about the finances and taxes of their business?" A copy of Mr. Bryant's email is attached as **Exhibit 7.**

The Randolph County Superior Court ultimately entered a protective order relieving Mr. Stewart of any requirement to appear for a deposition. A copy of the order is attached as **Exhibit 8.**

        b.      Also in the state lawsuit, the Bryants served discovery requests on Eastwood that were broad and unreasonable, including "all documents of Eastwood's Executive Team," "all documents of Eastwood's Banking Information," "all documents of Eastwood's Investment Information," "all documents of Eastwood's Financial Records," "all documents of Eastwood's lawyers," by way of example. The Randolph County Superior Court ultimately entered a protective order relieving Eastwood of any obligation to respond to those baseless requests. *See* Exhibit 8.

        c.      The Bryants' demands to Eastwood and its counsel during their bankruptcy proceeding further evidence intent to harass. *See* November 21, 2025, letter attached to ECF No. 143 at 11 in the bankruptcy case (listing a litany of frivolous filings Debtors intend to make and/or have now made and concluding: "<u>This is not a bluff. I have followed through on every step so far. I will follow through again</u>." (emphasis in original)).

24.    The Randolph County Superior Court's order did not stop the Bryants from serving a nearly identical set of discovery requests on Eastwood later in the same lawsuit or otherwise dissuade the Bryants from serving overly broad requests pursuant to a Rule 2004 Motion that had no basis in fact or law in their bankruptcy proceeding. *See* Main Case ECF No. 35.

25.    The Bryants have engaged in a pattern of multitudinous filings accusing Eastwood, its employees, officers, and attorneys of misconduct without any basis in fact. The Bryants have engaged in a pattern of harassing Eastwood, its employees, officers, and attorneys with discovery that goes beyond the scope of the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy. A protective order is required to prevent further harassment.

26. Under Civil Rule 26(g)(1), made applicable by Bankruptcy Rule 7026, "every discovery request, response, or objection must be signed by . . . the party personally, if unrepresented[.]" The signature serves as a certification that, among other things, any discovery request is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Civil Rule 26(g)(1)(B)(ii). If a signature "violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer . . . . The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Civil Rule 26(g)(3).

27. The Requests violate Civil Rule 26(g). Given the prior protective order in the state lawsuit, the Bryants were on notice that broad requests seeking irrelevant documents "are not consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law." Additionally, the Bryants have failed to withdraw the Eastwood Requests, Subpoenas, and Lowdermilk and Wong Requests when they received the Rule 9011 letter.

28. Eastwood and the Third-Party Defendants accordingly request an order requiring the Bryants to pay Eastwood and the Third-Party Defendants' reasonable expenses and attorneys' fees in filing this Motion and a gatekeeper order prohibiting the Bryants from further filings in this Court or the service of further discovery requests without an accompanying certification by an attorney licensed to practice law in the State of North Carolina attesting (i) with respect to filings, that the documents were reviewed, are not frivolous, and present meritorious allegations supported by law or fact, and (ii) with respect to discovery, the requests comply with Civil Rule 26(g).

WHEREFORE, Eastwood respectfully requests that the Court enter an order:

1. Relieve Eastwood from the obligation to respond to the Eastwood Discovery Requests;

2. Quash the Notice of Entry;

3. Quash the Subpoenas;

4. Relieve Jamey Lowdermilk and Katarina Wong from the obligation to respond to the Lowdermilk and Wong Discovery Requests.

5. Order Defendants to pay Eastwood's attorneys' fees and costs in litigating the Motion for Protective Order within 10 days of an order granting the Emergency Motion;

6. Prohibit Defendants from further filings in this Court or the service of further discovery requests without an accompanying certification by an attorney licensed to practice law in the State of North Carolina attesting (i) with respect to filings, that the documents were reviewed, are not frivolous, and present meritorious allegations supported by law or fact, and (ii) with respect to discovery, the requests comply with Rule 26(g); and

7. Granting such other and further relief as the Court deems just and proper.

This the 17th day of December, 2025.

/s/ Katarina K. Wong

Clint S. Morse
  NC Bar No. 38384
  cmorse@brookspierce.com
Jamey M. Lowdermilk
  NC Bar No. 52271
  jlowdermilk@brookspierce.com
Katarina K. Wong
  NC Bar No. 55040
  kwong@brookspierce.com
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, LLP
230 North Elm Street, Suite 2000
Greensboro, NC  27401
Phone: 336.271.3167
Fax:     336.232.9167

*Attorneys for Eastwood Construction Partners, LLC, Clark Stewart, and Allen Nason*

/s/ Clint S. Morse

Clint S. Morse
  NC Bar No. 38384
  cmorse@brookspierce.com

*On behalf of himself*

/s/ Katarina K. Wong

Katarina K. Wong
  NC Bar No. 55040
  kwong@brookspierce.com

*On behalf of herself*

/s/ Jamey M. Lowdermilk

Jamey M. Lowdermilk
  NC Bar No. 52271
  jlowdermilk@brookspierce.com

*On behalf of herself*

/s/ James C. Adams, II

James C. Adams, II
  NC Bar No. 18063
  jadams@brookspierce.com

*On behalf of himself*

11

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Emergency Motion for Protective Order was served on all parties who have made an appearance in the above captioned bankruptcy case by filing with the Court's CM/ECF system and by mailing as shown below.

> James Lawrence Bryant, Jr.
> Sharon Renea Bryant
> 5629 Siler Street
> Trinity, NC  27370
> jlbryantjr11@gmail.com
> srblackmon@hotmail.com
>
> *Debtors via Email and Certified Mail with Return Receipt*
>
> John Paul Hughes Cournoyer
>
> *Bankruptcy Administrator via CM/ECF*
>
> Vicki L. Parrott
> NORTHEN BLUE, LLP
> 1414 Raleigh Road, Suite 435
> Chapel Hill, NC  27517
> vlp@nbfirm.com
>
> *Trustee via Email and First-Class Mail*
>
> Custodian of Records - Legal Process
> Google LLC
> 1600 Amphitheatre Parkway
> Mountain View, CA 94043
>
> *Google LLC via First-Class Mail*
>
> Custodian of Records – Legal Process
> Meta Platforms, Inc.
> 1601 Willow Rd.
> Menlo Park, CA 94025
>
> *Meta Platforms, Inc. via First-Class Mail*

Custodian of Records – Subpoena Compliance
AT&T Mobility
208 S. Akard St.
Dallas, TX 75202

*AT&T Mobility via First-Class Mail*

Custodian of Records – Subpoena Compliance
Verizon Wireless
180 Washington Valley Rd.
Bedminster, NJ 07921

*Verizon Wireless via First-Class Mail*

Custodian of Records – Legal Process
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052

*Microsoft Corporation via First-Class Mail*

Custodian of Records – Subpoena Compliance
T-Mobile USA, Inc.
12920 SE 38th St.
Bellevue, WA 98006

*T-Mobile USA, Inc. via First-Class Mail*

This the 17th day of December 2025.

/s/ Katarina K. Wong