**SO ORDERED.**

**SIGNED this 22nd day of December, 2025.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

_____

```
                UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| Clark Stewart, Allen Nason, | ) | |
| James C. Adams, II, Clint Mores, | ) | |
| Jamey Lowdermilk, & Katarina K. Wong, | ) | |
| | ) | |
| Third-party Defendants. | ) | |
| _____ | ) | |

1

## ORDER STAYING OBLIGATION OF EASTWOOD CONSTRUCTION PARTNERS, LLC AND RELATED PARTIES TO RESPOND TO DISCOVERY AND TO COMPLY WITH SUBPOENAS PENDING HEARING

This adversary proceeding is before the Court on the Emergency Motion for Protective Order, ECF No. 59, filed by Eastwood Construction Partners, LLC d/b/a Eastwood Homes ("Eastwood"), Third-Party Defendant Clark Stewart, Third-Party Defendant Allen Nason, Third-Party Defendant James C. Adams, II, Third-Party Defendant Clint Morse, Third-Party Defendant Jamey Lowdermilk, and Third-Party Defendant Katarina Wong (collectively, "Movants") on December 17, 2025, and the documents titled "Defendants' First Set of Discovery Requests," id., Ex. 1, "Notice of Entry Upon Land for Inspection and Examination," id. at Ex. 2, "Subpoenas to Produce Documents Information or Objects Rule 45," id. at Ex. 3, "Defendants' First Set of Discovery Requests" directed at Jamey Lowdermilk, id. at Ex. 4, "Defendants' First Set of Discovery Requests" directed at Katarina Wong, id. at Ex. 5, served on Movants by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants").[1]  Id. at ¶¶ 4, 5, 8, 10, 12.  For the reasons stated herein, the Court will grant Movants' motion in part.  Id.

Eastwood commenced this adversary proceeding on June 5, 2025, and filed an amended complaint June 9, 2025, seeking to have the Court determine that debt owed to Plaintiff from Defendants is

---

[1] Defendants filed a document titled "Debtors' Response in Opposition to Request Stay" on December 18, 2025.  ECF No. 63.

2

exempt from discharge under 11 U.S.C. § 523(a)(6). ECF No. 3. On August 29, 2025, Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, among other things. ECF Nos. 16 & 28. On November 18, 2025, the Court entered an Order and Opinion Denying Defendants' Motion to Dismiss. ECF No. 36. On November 19, 2025, Defendants filed a motion asking this Court to reconsider and vacate its Order and Opinion Denying Defendants' Motion to Dismiss, ECF No. 37, which the Court also denied. ECF No. 41.

Prior to the Court's Order and Opinion Denying Defendant's Motion to Dismiss, the parties conferred and submitted separate scheduling memoranda. ECF Nos. 33 & 34. On November 19, 2025, in accordance with Federal Rule of Civil Procedure 26(f) and Bankruptcy Rule 7026, the Court entered a Scheduling Order and Order Determining Court May Enter Final Judgment and setting a discovery deadline of April 2, 2026. ECF No. 39. On December 1, 2025, filed an Answer to Plaintiff's Amended Complaint. ECF No. 45. On December 4, 2025, Defendants filed a document titled "Counterclaims of Defendants," which the Court liberally construed[2] as an amendment as of right to Defendants' answer to the amended complaint to add counterclaims under Federal Rule of Civil Procedure 15(a)(1)(A), made applicable to this adversary

---

[2] The Court must construe filings by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

proceeding by Fed. R. Bankr. P. 7015, and as a third-party complaint against the Movants under Rule 14, made applicable to this proceeding by Fed. R Bankr. P. 7014. ECF No. 47. Defendants assert counterclaims against Movants in their personal and official capacities. Id. at 2; see also ECF No. 54.[3]

On November 24, 2025, Defendants commenced discovery by serving the first set of discovery requests to Eastwood on Eastwood's Counsel. ECF No. 59, at ¶ 4. On December 12, 2025, Defendants served a notice of entry upon land for inspection and examination on Eastwood's counsel. Id. at ¶ 8. On the same day, the Defendants served a "notice" of six subpoenas it intended to serve, id. at ¶¶ 10 & 11, and discovery requests on Jamey Lowdermilk and Katarina Wong. Id. at ¶ 12; id. Ex. 1, 2, 3, 4, 5 (collectively "the Discovery requests"). Prior to Defendant's notice of entry upon land for inspection and examination, on December 9, 2025, Movants served a Rule 9011 letter on the Defendants, providing notice that their Counterclaims and the discovery request prior to December 9, lacked any basis in law and

---

[3] Defendants' putative counterclaims include: (1) claims under 42 U.S.C. § 1981 for Discrimination;(2) claims under 42 U.S.C. § 1981 for Retaliation; (3) Claims under 42 U.S.C. § 3604 for Discrimination; (4) Claims under 42 U.S.C. § 3617 for Retaliation;(5) Breach of Settlement Agreement; (6) Breach of Confidentiality; (7) Common law Fraud & Fraudulent Inducement; (8) Unfair and Deceptive Trade Practices under North Carolina law; (9) Abuse of Process; (10) Violation of Discharge Injunction; (11) Sanctions under 11 U.S.C. § 105; (12) a Declaratory Judgment that the Confession of Judgment "created no valid lien"; (13) a Declaratory Judgment declaring that the "injunction expired and was extinguished by dismissal with prejudice"; (14) Intentional Inflection of Emotional Distress; (15) Punitive Damages for willful, malicious, and reckless conduct. ECF No. 47, at 7-8 (the "Counterclaims").

4

fact, and that many of their Counterclaims were barred by the Defendants' release in the settlement agreement. Id. ¶ 6.

On December 17, 2025, Movants filed the instant motion, requesting an order: (1) relieving Eastwood from the obligation to respond to the first set of discovery request; (2) quashing the notice of entry upon land for inspection and examination; (3) quashing the subpoenas;[4] (4) relieving Jamey Lowdermilk and Katarina Wong from the obligation to respond to the discovery requests on the same; (5) requiring Defendants to pay Eastwood's attorneys' fees and costs in litigating the Motion for Protective Order within 10 days of an order granting the motion; (6) prohibiting Defendants from further filings in this Court or the service of further discovery requests without an accompanying certification by an attorney licensed to practice law in the State of North Carolina attesting, with respect to filings, that the documents were reviewed, are not frivolous, and present meritorious allegations supported by law or fact, and with respect to discovery, that the requests comply with Rule 26(g); and, (7)

---

[4] While, generally, a party lacks standing to challenge a subpoena issued to a nonparty, In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liability Litigation, 287 F.R.D. 377, 382 (S.D. W. Va. 12 Jul. 2012), a party may move to quash a subpoena to a nonparty where production of documents in which the claimant has some personal right or privilege at issue. Norris v. Fat Burgers Sports Bar & Grill, LLC, No. 7:22-CV-144-D, 2023 WL 8440507, at *3 (E.D.N.C. Nov. 9, 2023) (citing Jason's Enters., Inc. v. Gen, Acc. Ins. Co. of Am., Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 Jun. 1996)).

5

any further relief as the Court deems just and proper.  See ECF No. 59.

The Court has reviewed Defendants' Discovery Requests, including the request for entering onto land, and many of them are overly broad, unduly burdensome, and not calculated to lead to the discovery of relevant information, abusive and harassing, and not proportional to the needs of the case.[5]  Fed. R. Civ. P. 26(b)(1) (limiting scope of discovery to that proportional the needs of the case) and 26(c)(1) (stating that "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or from undue burden or expense, including . . . forbidding . . . discovery [or] . . . inquiry into certain matters, or limiting the scope of ... discovery to certain matters").  For example, in "Defendants' first set of Discovery Requests," Defendants interrogatories Nos. 6, 7 and 8, and request for production Nos. 3, 4, and 5, request discovery as to the litigation in State Court as well as the Confession of Judgment-

---

[5] Defendants previously have been subject to a protective order for propounding overly broad and unduly burdensome discovery requests against Eastwood and related entities.  Movants' Exhibit 8 is an Order Granting "[Eastwood's]" Motions for Protective Orders and Denying Defendants' Motion to Compel, ECF No. 59, Ex. 8.  In the state lawsuit, the Defendants served "oppressive" and "unduly burdensome" discovery requests on Eastwood, including: "all documents of Eastwood's Executive Team," "all documents of Eastwood's Banking Information," "all documents of Eastwood's Investment Information," "all documents of Eastwood's Financial Records."  Id.  In the same order, the State Court found that Defendants' requested deposition testimony from Clark Stewart, Mike Conley, who had no personal knowledge about the issues presented in that case were unduly burdensome and "oppressive".  ECF No. 59-8, at ¶ 7.

these requests are irrelevant as the court has already ruled on the res judicata effect of the Confession of Judgment.[6]  ECF No. 59-1, at 7 & 10.  Interrogatories Nos. 9, 10, and 11, and request for production Nos. 6, 7, and 8, relate to "Rule 2004 Abuse," for which the Court already has denied relief in connection with a motion for sanctions, Case No. 25-10147, ECF No. 166, and are not relevant to the dischargeability issues in this adversary proceeding.  ECF No. 59-1, at 8 & 10.

The notice of entry upon land for inspection and examination is similarly unreasonable, abusive, and harrassing.[7]  Defendants seek to inspect, identify, review, and confirm the presence of documents that were obtained during, or in connection with, Eastwoods' Fed. R. Civ. P. 2004 examination which was conducted pursuant to this Courts' order in Defendants' main bankruptcy case.  See Case No. 25-10147, ECF No. 48; ECF No. 166.  Such an inspection is not relevant to any issue in this dischargeability proceeding.

---

[6] This Court has already explained res judicata effects of the State Court action, and that the action now before the Court is the dischargeability of Defendants' debt for willful and malicious injury under 11 U.S.C. § 523(a)(6).  ECF No. 41, pp. 5-9; see also ECF No. 166 at n.8 (explaining that "[t]he additional filings on December 11 again contain frivolous arguments that are unsupported by existing law, many of which previously have been rejected by the Court, including arguments regarding the continuing validity of the confession of judgment on which the Court has already ruled."  Adv. No. 25-2009, ECF Nos. 36 & 41).

[7] On December 18, 2025, Defendants filed a Document titled "Notice of Withdrawal of Request of Entry Upon Land," which withdraws the notice of entry upon land for inspection and examination.  ECF No. 60.  Defendants' withdrawal of this request was warranted because, by signing the discovery request, Defendants certified that the request not intended for any improper purpose, such as to harass.  Fed. R. Civ. P. 26(g).

Therefore, the Court will conduct a hearing to determine whether any further relief, including without limitation, issuing a protective order under Fed. R. Civ. P. 26(c) and imposing costs under Fed. R. Civ. P. 26(c)(3) and 37(a)(5), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026 and 7037. The Court will further consider monetary sanctions, and whether the Court will impose an obligation on Defendants to seek leave of this Court before pursuing further discovery.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

1. The Court will conduct a hearing on the Emergency Motion for Protective Order, ECF No. 59, as follows:

```
DATE:          January 6, 2026,
TIME:          9:30 am
LOCATION:      Second Floor, Courtroom #1
               South Edgeworth Street
               Greensboro, NC 27401
```

2. At the hearing, the Court will consider whether any further relief, including without limitation, issuing a protective order under Fed. R. Civ. P. 26(c) and imposing costs under Fed. R. Civ. P. 26(c)(3) and 37(a)(5), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026 and 7037. The Court will further consider monetary sanctions, and whether the Court will impose an obligation on Defendants to seek leave of this Court before pursuing further discovery.

    3.    Any obligation by Movants to respond to discovery requests of Defendants, comply with Defendants' subpoenas and Defendants' notice of entry upon land for inspection and examination,[8] is stayed pending further Order of the Court.

[END OF DOCUMENT]

---

[8] As noted above, Defendants filed a document titled "Notice of Withdrawal of Request of Entry Upon Land." ECF No. 60. The Court stays any obligation under that notice to make clear that Movants are relieved of any obligation to comply.

<u>Parties to be Served</u>
25-02009


```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                        Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff                                Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370

Jamey M. Lowdermilk
230 North Elm Street, Suite 2000
Greensboro, NC  27401
```