FILED JAN 9 '26 AM 9:48 USBC-GSO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION
# AP CASE # 25-02009

| | |
|---|---|
| JAMES LAWRENCE BRYANT, JR. and ) <br> SHARON RENEA BRYANT a/k/a ) <br> SHARON RENEA BLACKMON, ) <br>     Debtors ) <br> ) | DEFENDANTS AMENDED ANSWER <br> TO AMENDED COMPLAINT AND <br> AMENDED COUNTERCLAIM |

*(Narrowed – Declaratory Relief Only)*

**PRELIMINARY STATEMENT**

Defendants James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants" or "Debtors"), proceeding pro se, file this **Amended Answer to Amended Complaint and Amended Counterclaim** pursuant to Federal Rule of Civil Procedure 15(a)(1), as incorporated by Federal Rule of Bankruptcy Procedure 7015, and consistent with the Court's prior order construing Defendants' earlier filing as a proper amendment to their Answer.

This pleading is intentionally **narrowed**. Defendants assert no damages claims, no sanctions requests, no non-core state-law causes of action, and no claims against third parties. Defendants do **not** seek to relitigate any matter previously settled, released, or dismissed with prejudice.

The sole purpose of the Amended Counterclaim is to request declaratory relief on a **threshold bankruptcy question** that must be resolved before any nondischargeability determination can be made: **whether the obligations relied upon by Plaintiff constitute a cognizable "claim" or "debt" under the Bankruptcy Code capable of supporting a claim under 11 U.S.C. § 523(a)(6).**

Defendants are **not** asking this Court to vacate, invalidate, modify, or otherwise review any state-court order or judgment. Defendants are **not** asking the Court to decide whether a confession of judgment is enforceable or subject to vacatur under state law. Those issues, to the extent they exist, remain within the province of the state court.

Instead, Defendants ask this Court to decide what only a bankruptcy court can decide: **the existence and legal character of an alleged debt under the Bankruptcy Code and the effect of that characterization on Defendants' discharge.**

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to **28 U.S.C. §§ 1334 and 157**.

2. This is a **core proceeding** within the meaning of **28 U.S.C. § 157(b)(2)(B) and (I)** because it concerns:

    - the existence and allowance of an asserted claim or debt; and
    - the determination of the dischargeability of an alleged debt under **11 U.S.C. § 523(a)(6)**.

3. Venue is proper in this Court pursuant to **28 U.S.C. §§ 1408 and 1409**.

4. Defendants' Amended Counterclaim seeks **only declaratory relief** pursuant to **28 U.S.C. § 2201** and **Fed. R. Bankr. P. 7001(9)**.

5. The existence of a parallel state-court proceeding concerning the confession of judgment does not divest this Court of jurisdiction, because Defendants do **not** ask this Court to adjudicate the validity, enforceability, or vacatur of any state-court judgment.

6. Determining whether an asserted obligation constitutes a "claim" or "debt" under **11 U.S.C. §§ 101 and 502**, and whether such an obligation may be excepted from discharge, is a task committed exclusively to the bankruptcy court and cannot be delegated to a state tribunal.

---

## II. ANSWER TO AMENDED COMPLAINT

Defendants answer Plaintiff's Amended Complaint as follows. Any allegation not expressly admitted is denied.

1. Defendants admit that they filed a voluntary petition under Chapter 7 of the Bankruptcy Code on or about March 13, 2025.

2. Defendants admit that this Court has jurisdiction to determine dischargeability under **11 U.S.C. § 523(a)(6)**, but deny that Plaintiff is entitled to any relief thereunder.

3. Defendants deny that they committed any willful or malicious injury to Plaintiff or that Plaintiff sustained damages proximately caused by Defendants.

4. To the extent the Amended Complaint references a settlement agreement, a March 22, 2024 enforcement order, or a confession of judgment, Defendants admit only that such instruments exist or are referenced, and deny Plaintiff's legal conclusions regarding their effect, character, or significance under the Bankruptcy Code.

5. Defendants deny all remaining allegations of the Amended Complaint.

## III. AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming any burden of proof that would otherwise rest with Plaintiff.

1. **Failure to State a Claim.** The Amended Complaint fails to state a claim under **11 U.S.C. § 523(a)(6)**.

2. **No Willful Injury.** Plaintiff cannot establish that Defendants acted with the subjective intent to cause injury or with knowledge that injury was substantially certain to occur.

3. **No Malicious Injury.** Plaintiff cannot establish malice as required under § 523(a)(6).

4. **No Causation or Damages.** Plaintiff cannot establish proximate causation or legally cognizable damages.

5. **No Adjudicated Tort Debt.** Settlement instruments and enforcement mechanisms do not constitute adjudications of tort liability, intent, malice, or damages.

6. **Claim Allowance and Characterization.** To the extent Plaintiff asserts a "claim," Defendants reserve all objections under **11 U.S.C. § 502(b)(1)** and related provisions concerning enforceability and characterization.

7. **Reservation of Rights.** Defendants reserve the right to assert additional defenses as discovery and proceedings continue.

## IV. DEFENDANTS' AMENDED COUNTERCLAIM

**(DECLARATORY RELIEF – CORE, NON-AFFIRMATIVE)**

### COUNT I

### DECLARATORY RELIEF REGARDING THE EXISTENCE AND LEGAL CHARACTER OF THE ALLEGED DEBT

(28 U.S.C. § 2201; Fed. R. Bankr. P. 7001(9))

1. Defendants reallege and incorporate by reference all prior paragraphs of this Amended Answer and Affirmative Defenses **solely for purposes of this Counterclaim.**

2. Plaintiff seeks to except from discharge certain obligations allegedly arising from pre-petition disputes, a settlement agreement, a March 22, 2024 state-court enforcement order, and a subsequently filed confession of judgment.

3. Plaintiff's nondischargeability theory assumes that these instruments collectively establish a tort-based "debt" for willful and malicious injury under **11 U.S.C. § 523(a)(6)**.

4. Under the Bankruptcy Code, however, a "debt" exists **only to the extent there is a corresponding "claim,"** meaning a right to payment or an equitable remedy that gives rise to a right to payment.
**11 U.S.C. §§ 101(5), 101(12).**

5. A real and justiciable controversy exists as to whether the obligations relied upon by Plaintiff constitute a cognizable "claim" or "debt" under the Bankruptcy Code, including whether they are:
   a. a liquidated and unconditional right to payment;
   b. an adjudicated tort liability giving rise to damages; or
   c. instead, conditional, contractual, or equitable enforcement mechanisms that do not independently give rise to a right to payment under **11 U.S.C. §§ 101 and 502**.

6. The confession of judgment relied upon by Plaintiff was executed as a **conditional enforcement mechanism** and was not the product of a trial, findings of fact, conclusions of law, or any adjudication of willful or malicious injury.

7. Likewise, the March 22, 2024 enforcement order addressed compliance with settlement obligations and attorneys' fees and did not adjudicate tort liability, intent, malice, or damages.

8. Defendants do **not** ask this Court to determine whether the confession of judgment is valid, enforceable, or subject to vacatur under state law. Defendants ask only whether, **assuming its existence**, such instruments constitute a "claim" or "debt" under the Bankruptcy Code capable of supporting nondischargeability.

9. Declaratory relief is necessary and appropriate to resolve this threshold issue and to prevent contractual enforcement mechanisms from being improperly transformed into tort-based nondischargeable debts.

## V. EXPRESS LIMITATIONS AND GOOD-FAITH NARROWING

10. This Amended Counterclaim:

- seeks **no damages or monetary relief**;
- seeks **no sanctions or penalties**;
- asserts **no non-core state-law claims**;
- does **not** revive or relitigate any claims previously settled, released, or dismissed with prejudice; and

- is asserted solely to clarify the legal relationship of the parties under the Bankruptcy Code.

11. The narrowing of prior counterclaims is undertaken in good faith in response to jurisdictional considerations and shall not be construed as an admission that any prior claims were frivolous, improper, or asserted for an improper purpose.

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

A. Deny Plaintiff all relief requested in the Amended Complaint;
B. Enter judgment in favor of Defendants on Plaintiff's claim under **11 U.S.C. § 523(a)(6)**;
C. Enter the declaratory judgment requested herein; and
D. Grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Defendants do not demand a jury trial.

**Respectfully submitted this 9th day of January 2026.**

James L. Bryant, Jr. & Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Defendants Amended Answer to Amended Complaint and Amended Counterclaim * was served on all creditors and parties in interest by CM/ECF and by U.S. Mail to the following:

Katie Wong
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
150 Fayetteville Street, Suite 1700
Raleigh, NC 27601
P.O. Box 1800 (27602)
KWong@BrooksPierce.com
Phone: 919.882.2520

Clint Sheppard Morse
NC Bar No. 38384
cmorse@brookspierce.com

Jamey M. Lowdermilk
NC Bar No. 52271
jloudermilk@brookspierce.com
Brooks, Pierce, McClendon, Humphrey, & Leonard, LLP
230 North Elm Street, Suite 2000
Greensboro, NC. 27401
Phone: 336.271.3167

John Paul Hughes Cournoyer
Bankruptcy Administrator


Respectfully submitted this 9th day of January 2026.

_____
James L. Bryant, Jr. and Sharon R. Bryant
Pro Se Litigants
5629 Siler St
Trinity, North Carolina 27370
Tel: (478) 256-8625
Jlbryantjr11@gmail.com