**SO ORDERED.**

**SIGNED this 12th day of January, 2026.**

```
_____
        BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE
```

---

```
                UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| Clark Stewart, Allen Nason, | ) | |
| James C. Adams, II, Clint Mores, | ) | |
| Jamey Lowdermilk, & Katarina K. Wong, | ) | |
| | ) | |
| Third-party Defendants. | ) | |
| _____ | ) | |

## ORDER ON DOCUMENT TITLED "DEFENDANTS AMENDED ANSWER TO AMENDED COMPLAINT AND AMENDED COUNTERCLAIM"

This adversary proceeding is before the Court on the document titled "Defendants Amended Answer to Amended Complaint and Amended Counterclaim" filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants") on January 9, 2026.  ECF No. 77.  Defendants are proceeding pro se.[1]  For the reasons stated herein, the Court will liberally construe this document as (1) a motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims; (2) a voluntary dismissal of the third-party complaint; and (3) a motion to reconsider the Court's prior order and opinion denying Defendants' motion to dismiss as well as the Court's order denying Defendants' motion to reconsider the order and opinion denying Defendants' motion to dismiss.  The Court will allow Defendants seven (7) days from entry of this Order to file a statement explaining if the Court has misinterpreted the filing.  Any time within which Eastwood Construction, LLC d/b/a Eastwood Homes ("Plaintiff") and third-party defendants must respond to the motion for leave to amend and the motion to reconsider, or to respond to the counterclaims and third-party complaint will be stayed pending further order of the Court.

---

[1] The Court must construe filings by pro se litigant liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**PROCEDURAL BACKGROUND**

Defendants filed a voluntary petition under chapter 7 of title 11 on March 13, 2025. Case No. 25-10147, ECF No. 1. Plaintiff commenced this adversary proceeding on June 5, 2025. ECF No. 1. On June 9, 2025, Plaintiff timely filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B), made applicable by Fed. R. Bankr. P. 7015. ECF No. 3. Plaintiff seeks a declaration of exception to discharge for a debt owed to Plaintiff by Defendants under 11 U.S.C. § 523(a)(6). Id. ¶ 47.

On August 29, 2025, Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, among other things. ECF Nos. 16 & 28. The Court held a hearing on Defendants' motion and subsequently entered an order and opinion denying Defendants' motion. ECF No. 36. On November 19, 2025, Defendants filed a motion asking this Court to reconsider and vacate its order and opinion denying Defendants' motion to dismiss, ECF No. 37, which the Court denied on November 21, 2025. ECF No. 41.

On December 1, 2025, Defendants filed an answer to the amended complaint. ECF No. 45. Thereafter, on December 4, 2025, Defendants filed a document titled "Counterclaims of Defendants," ECF No. 47, which the Court liberally construed as an amendment as of right to Defendants' answer to the amended complaint to add counterclaims under Fed. R. Civ. P. 15(a)(1)(A) and as a third-

3

party complaint against the additional named entities under Fed. R. Civ. P. 14.[2]  ECF No. 54.  In the amended answer and third-party complaint, Defendants assert 15 counterclaims and third-party claims against six additional entities, including individuals.  See ECF No. 47.  On January 9, 2026, Defendants filed the document currently before the Court.  ECF No. 77.  Defendants ask the Court to determine whether Plaintiff holds a cognizable debt that may be excepted from discharge, id. at 3; and state that they assert no claims for damages, no requests for sanctions, no state law causes of action, and no claims against third parties.  Id. at 1.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course.  Fed. R. Civ. P. 15(a)(1).  A party may amend a pleading for a second time only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.  A party may voluntarily dismiss a pleading (including a third-party complaint)[3] by filing a notice of dismissal before the opposing party serves an answer or a motion

---

[2] Fed. R. Civ. P. 7, 14 and 15 are made applicable to this adversary proceeding by Fed. R. Bankr. P. 7007, 7014, and 7015, respectively.

[3] A third-party complaint is a pleading.  Fed. R. Civ. P. 7(a)(5), made applicable by Fed. R. Bankr. P. 7007.

4

for summary judgment or by filing a stipulation of dismissal that is signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1)(A), made applicable by Fed. R. Bankr. P. 7041.[4]

The Court previously has determined that the amended complaint states a claim under § 523(a)(6) for nondischargeability of the debt owed to Plaintiff by Defendants. ECF No. 36.[5] The Court likewise denied Defendants' motion to reconsider this decision. ECF No. 41. Therefore, the Court will construe Defendants' request for a determination of whether Plaintiff holds a cognizable debt as a motion to again reconsider these prior decisions.

Defendants' have previously amended their answer once as a matter of course, therefore the Court will construe the current filing as a motion for leave to amend the amended answer to remove the counterclaims. Finally, because no party has filed an answer to or motion for summary judgment on Defendants' third-party complaint, the Court will construe Defendants' filing as a notice of voluntary dismissal of the third-party complaint without prejudice.

---

[4] This dismissal is without prejudice unless the notice states otherwise or the party has previously dismissed any federal or state court action based on or including the same claim. Fed. R. Civ. P. 41(a)(1)(B). In the latter event, the notice operates as an adjudication on the merits and the dismissal is with prejudice. Id.

[5] Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:**

1. The Court has liberally construed Defendants' filing, ECF No. 77, as (1) a motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims; (2) a voluntary dismissal of the third-party complaint; and (3) a motion to reconsider the Court's prior order and opinion denying Defendants' motion to dismiss as well as the Court's order denying Defendants' motion to reconsider the order and opinion denying Defendants' motion to dismiss.

2. To the extent that Defendants disagree with the Court's interpretation of the document, Defendants must file within seven (7) days from entry of this Order a statement explaining how the Court has misinterpreted the filing.

3. Any time within which Plaintiff and third-party defendants must respond to the motion for leave to amend and the motion to reconsider, or to respond to the counterclaims and third-party complaint is stayed pending further order of the Court.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02009


John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff/Third Party Defendants     Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370

Allen Nason
2857 Westport Road
Charlotte, NC 28208

James Adams, II
Brooks Pierce McLendon Humphrey Leonard
230 n. Elm St., Ste 2000
Renaissance Plaza
Greensboro, NC 27401

Clint Morse
Brooks Pierce McLendon Humphry & Leonard
230 N. Elm St, Ste. 2000,
Renaissance Plaza
Greensboro, NC 27401

Clark Stewart
2857 Westport Road
Charlotte, NC 28208