_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| Clark Stewart, Allen Nason, | ) | |
| James C. Adams, II, Clint Mores, | ) | |
| Jamey Lowdermilk, & Katarina K. Wong, | ) | |
| | ) | |
| Third-party Defendants. | ) | |
| _____ | ) | |

1

**ORDER ON DOCUMENT TITLED "MOTION TO ADDRESS POTENTIAL COUNSEL
CONFLICTS AND TO STAY PROCEEDINGS PENDING RESOLUTION"**

This adversary proceeding is before the Court on the document titled "Motion to Address Potential Counsel Conflicts and to Stay Proceedings Pending Resolution" filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants") on January 2, 2026. ECF No. 74.  Defendants are proceeding pro se.[1]  For the reasons stated herein, the Court will deny all relief requested in this document.

### PROCEDURAL BACKGROUND

Defendants filed a voluntary petition under chapter 7 of title 11 on March 13, 2025.   Case No. 25-10147, ECF No. 1. Eastwood Construction, LLC d/b/a Eastwood Homes ("Plaintiff") commenced this adversary proceeding on June 5, 2025.  ECF No. 1. On June 9, 2025, Plaintiff timely filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B), made applicable by Fed. R. Bankr. P. 7015.  ECF No. 3.  Plaintiff seeks a declaration of exception to discharge for a debt owed to Plaintiff by Defendants under 11 U.S.C. § 523(a)(6).  Id. ¶ 47.

On December 1, 2025, Defendants filed an answer to the amended complaint.  ECF No. 45.  Thereafter, on December 4, 2025, Defendants filed a document titled "Counterclaims of Defendants,"

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

ECF No. 47, which the Court liberally construed as an amendment as of right to Defendants' answer to the amended complaint to add counterclaims under Fed. R. Civ. P. 15(a)(1)(A) and as a third-party complaint against the additional named entities under Fed. R. Civ. P. 14.[2]  ECF No. 54.  In the amended answer and third-party complaint, Defendants assert 15 counterclaims and third-party claims against six additional entities, including Plaintiff's counsel.  See ECF No. 47.  Defendants also filed a Motion to Disqualify Plaintiff's Counsel.  ECF No. 49.

On December 17, 2025, Plaintiff and third-party defendants filed an Emergency Motion for Protective Order.  ECF No. 59.  That same day, Defendants withdrew their Motion to Disqualify Plaintiff's Counsel.  ECF No. 60.  On December 31, 2025, Plaintiff and third-party defendants filed a motion for sanctions against Defendants or alternatively, to dismiss Defendants' counterclaims and third-party complaint.  ECF No. 72.[3]

On January 2, 2026, Defendants filed the document currently before the Court.  ECF No. 74.  The Court has liberally construed this document as a motion to disqualify Plaintiff's counsel and stay further proceedings on the Emergency Motion for Protective

[2] Fed. R. Civ. P. 7, 14 and 15 are made applicable to this adversary proceeding by Fed. R. Bankr. P. 7007, 7014, and 7015, respectively.

[3] This motion is scheduled to come before the Court for hearing on January 21, 2026.  ECF No. 73.

3

Order as well as the motion for sanctions. <u>Id.</u> at 3. The Court held a hearing on the Emergency Motion for Protective Order on January 6, 2026, at which time the Court orally granted Plaintiff's motion in part.

## DISCUSSION

The Court has authority to disqualify an attorney from representation in a particular case, but such action is not taken absent a strong showing. <u>Stanwood Corp. v. Barnum</u>, 575 F. Supp. 1250, 1251 (W.D.N.C. 1983); <u>Shaffer v. Farm Fresh, Inc.</u>, 966 F.2d 142, 146 (4th Cir. 1992) ("The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons."). "Motions to disqualify counsel are subject to particularly strict scrutiny because of their potential for abuse as a tactical device." <u>Muniz v. Re Spec Corp.</u>, 230 F. Supp. 3d 147, 152 (S.D.N.Y. 2017) (further observing that such motions are "disfavored") (quotations omitted). The burden falls on the movant to prove that disqualification is indicated. <u>Stanwood Corp.</u>, 575 F. Supp. at 1251 (citing <u>Bhd. Ry. Carmen of U.S. & Canada v. Delpro Co.</u>, 549 F. Supp. 780 (D. Del. 1982)). Due to the "possibility of misuse of disqualification motions for strategic reasons," motions to disqualify "cannot be based on

imagined scenarios of conflict." <u>Finley Grp., Liquidating Agent</u>
<u>For RedF Mktg., LLC v. Roselli</u>, No. AP 17-03063, 2019 Bankr. LEXIS
3311, at *18 (Bankr. W.D.N.C. Oct. 21, 2019) (quotations omitted).
Where a party is not a current or former client of opposing
counsel, the party must establish that there is "a violation of
the rules which is sufficiently severe to call in question the
fair and efficient administration of justice." <u>Kleiman v. Wright</u>,
662 F. Supp. 3d 1247, 1256 (S.D. Fla. 2023) (denying a motion to
disqualify where there was no evidence that there was a
"*substantial*" risk that the firm's representation would be
"*materially*" limited by their personal interests (emphasis in
original)) (quotations omitted).

Having filed counterclaims against Plaintiff and third-party
claims against Plaintiff's counsel allegedly based on conduct in
prosecuting the bankruptcy case and the adversary proceeding,[4]
Defendants argue that counsel is disqualified because they are a
party to the action.[5]  Counsel for Plaintiff responded to the
counterclaims and third-party complaint by filing a motion for

---

[4] On January 9, 2026, Defendants filed a document that the Court has interpreted
as an amendment to their answer to withdraw the counterclaims, and a voluntary
dismissal of the third-party complaint.  ECF Nos. 77 & 78.  The Court has given
Defendants 7 days to file a statement indicating whether the Court has
misinterpreted the filing and has stayed any deadlines for any party to respond
to those claims pending further order of the Court.  ECF No. 78.

[5] Defendants previously filed a motion for sanctions against counsel for the
same conduct.  Case No. 25-10147, ECF Nos. 103, 128, 161 & 162.  The Court
denied that motion, admonishing Defendants again for raising frivolous arguments
and claims.  Case No. 25-10147, ECF No. 166, at 10 n.8.

sanctions under Fed. R. Bankr. P. 9011.  ECF No. 72. Defendants contend that Plaintiff's counsels' representation of Plaintiff and third-party defendants in response to the counterclaims and third-party complaint violates North Carolina Rules of Professional Conduct[6] 1.7 and 3.7.[7]

Defendants have not established the existence of an attorney-client relationship between themselves and Plaintiff's counsel. Defendants are therefore not entitled to seek disqualification of Plaintiff's counsel under Rule 1.7.  Rule 1.7 provides that a lawyer shall not represent a client where the representation involves a concurrent conflict of interest unless certain conditions are met.  N.C. R. Prof. C. 1.7.  The party seeking disqualification must generally establish an attorney-client relationship with the attorney in question.  Finley Grp., 2019 Bankr. LEXIS 3311, at *20; see also Restatement (Third) of the Law

---

[6] This Court has adopted the Rules of Professional Conduct of the North Carolina State Bar as adopted by the Supreme Court of North Carolina and amended from time to time except as otherwise provided by a specific rule of the Court. Local Rule 2090-2.  Although the Rules of Professional Conduct "establish appropriate guidelines for the professional conduct of attorneys, a violation of those Rules does not automatically result in disqualification of counsel." Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc., 436 F. Supp. 3d 870, 874 n.5 (E.D. Va. 2020) (citing Cent. Milk Producers Co-op. v. Sentry Food Stores, Inc., 573 F.2d 988, 991 (8th Cir. 1978)).  Regardless, neither Defendants' allegations, nor the record indicates any violation of the rules in this case.

[7] Defendants also cite Rule 1.13 which provides that a lawyer employed by an organization represents the organization acting through its duly authorized constituents.  N.C. R. Prof. C. 1.13.  Plaintiff's counsel are not employees of Plaintiff for purposes of this Rule and Defendants' reliance on this Rule is without merit.

Governing Lawyers § 6 (2000) ("standing to seek disqualification ordinarily [is] limited to present or former clients").

Defendants also fail to establish a basis for disqualification under Rule 3.7. Rule 3.7 provides that generally a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness. N.C. R. Prof. C. 3.7. The opposing party has a proper objection under this Rule "where the combination of roles may prejudice that party's rights in the litigation." N.C. R. Prof. C. 3.7, Comment 2.

Defendants make merely conclusory statements that are insufficient to carry Defendants burden on disqualification. Even if the Court had not previously denied Defendants' requests for sanctions based largely on the same allegations asserted in the counterclaims and third-party complaint, and even if Defendants had not in fact withdrawn the claims, Defendants may not disqualify opposing counsel based on a hypothetical need for counsel to testify at trial. See, e.g., Powers Reinforcing Fabricators, L.L.C. v. Contes in & for Cnty. of Maricopa, 473 P.3d 714, 721-22 (Ct. App. 2020) (affirming trial court's refusal to disqualify counsel against whom a third-party claim had been asserted for failure to establish that the lawyer would be called as a witness, that the evidence was unobtainable elsewhere, and that the lawyer's testimony would be prejudicial to his client). Nor can Defendants disqualify opposing counsel merely because they intend to call

opposing counsel as a witness.  <u>Stanwood Corp. v. Barnum</u>, 575 F. Supp. 1250, 151-52 (W.D.N.C. 1983) ("Such a rule, taken to its logical conclusion, would allow any party to deprive his adversary of the counsel of his choice simply by announcing an intention to question the adversary's attorney in open court.").  Therefore, the Court will deny Defendants' motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that Defendants' motion, ECF No. 74, is denied.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02009


John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                  Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff/Third Party Defendants    Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370

Allen Nason
2857 Westport Road
Charlotte, NC 28208

James Adams, II
Brooks Pierce McLendon Humphrey Leonard
230 n. Elm St., Ste 2000
Renaissance Plaza
Greensboro, NC 27401

Clint Morse
Brooks Pierce McLendon Humphry & Leonard
230 N. Elm St, Ste. 2000,
Renaissance Plaza
Greensboro, NC 27401

Clark Stewart
2857 Westport Road
Charlotte, NC 28208