**SO ORDERED.**

**SIGNED this 14th day of January, 2026.**

```
                                    _____
                                    BENJAMIN A. KAHN
                                    UNITED STATES BANKRUPTCY JUDGE
```

---

```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| Clark Stewart, Allen Nason, | ) | |
| James C. Adams, II, Clint Mores, | ) | |
| Jamey Lowdermilk, & Katarina K. Wong, | ) | |
| | ) | |
| Third-party Defendants. | ) | |
| _____ | ) | |

## ORDER ON DOCUMENT TITLED "DEFENDANTS' CLARIFICATION REGARDING CONDITIONAL WITHDRAWAL"

This adversary proceeding is before the Court on the document titled "Defendants' Clarification Regarding Conditional Withdrawal" filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants") on January 13, 2026. ECF No. 79. Defendants are proceeding pro se.[1] For the reasons stated herein, the Court construes Defendants' filing, ECF No. 77, as (1) a motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims and to add a counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge; and (2) a voluntary dismissal of the third-party complaint. The Court will grant Defendants' motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims and will deny as futile Defendants' motion for leave to amend to add a counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge. Finally, the Court determines that Defendants amended answer has been amended to voluntarily dismiss all counterclaims asserted therein without prejudice and that ECF No. 77 shall constitute a notice of

---

[1] The Court must construe filings by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

voluntary dismissal of Defendants' third-party complaint without prejudice.

**PROCEDURAL BACKGROUND**

Defendants filed a voluntary petition under chapter 7 of title 11 on March 13, 2025.  Case No. 25-10147, ECF No. 1.  Plaintiff commenced this adversary proceeding on June 5, 2025.  ECF No. 1. On June 9, 2025, Plaintiff timely filed an amended complaint as of right under Fed. R. Civ. P. 15(a)(1)(B).[2]  ECF No. 3.  Plaintiff seeks a declaration of exception to discharge for a debt owed to Plaintiff by Defendants under 11 U.S.C. § 523(a)(6).  Id. ¶ 47.

On August 29, 2025, Defendants moved to dismiss the amended complaint for failure to state a claim on which relief can be granted, among other things.  ECF Nos. 16 & 28.  The Court held a hearing on Defendants' motion and subsequently entered an order and opinion denying Defendants' motion.  ECF No. 36.  On November 19, 2025, Defendants filed a motion asking this Court to reconsider and vacate its order and opinion denying Defendants' motion to dismiss, arguing that the Confession of Judgment entered in the North Carolina General Court of Justice, Superior Court Division, was ineffective due to the voluntary dismissal filed by Plaintiff in that case at the direction of the North Carolina state court.

---

[2] Fed. R. Civ. P. 7, 12, 14, 15, and 41 are made applicable to this adversary proceeding by Fed. R. Bankr. P. 7007, 7012(b), 7014, 7015, and 7041, respectively.

3

ECF No. 37. The Court considered the motion to dismiss and the procedural posture and rulings of the state court, none of which is disputed by Defendants, determined that the Confession of Judgment remained effective, and denied the motion to reconsider on November 21, 2025. ECF No. 41.

On December 1, 2025, Defendants filed an answer to the amended complaint. ECF No. 45. Thereafter, on December 4, 2025, Defendants filed a document titled "Counterclaims of Defendants," ECF No. 47, which the Court liberally construed as an amendment as of right to Defendants' answer to the amended complaint to add counterclaims under Fed. R. Civ. P. 15(a)(1)(A) and as a third-party complaint against the additional named entities under Fed. R. Civ. P. 14. ECF No. 54. In the amended answer and third-party complaint, Defendants assert 15 counterclaims and third-party claims against six additional entities, including individuals. See ECF No. 47.

On January 9, 2026, Defendants filed a document titled "Defendants Amended Answer to Amended Complaint and Amended Counterclaim". ECF No. 77. The Court entered an order construing this document as (1) a motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims; (2) a voluntary dismissal of the third-party complaint; and (3) a motion to reconsider the Court's prior order and opinion denying Defendants' motion to dismiss as well as the Court's order denying

4

Defendants' motion to reconsider the order and opinion denying Defendants' motion to dismiss. ECF No. 78. The Court allowed Defendants seven days from entry of the order to file a statement explaining if the Court had misinterpreted the filing. Id.

On January 13, 2025, Defendants filed the document currently before the Court. ECF No. 79. Defendants state that the previous document was intended to withdraw all previously asserted third-party claims and counterclaims and assert one additional counterclaim for a declaratory judgment that Plaintiff does not hold a cognizable debt that may be excepted from discharge. Id.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). A party may amend a pleading for a second time only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires" but a court may deny leave to amend when the proposed amendment would be futile. Id.; see also Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("[f]utility is apparent if the proposed [amendment] fails to state a claim under the applicable rules and accompanying standards").

5

A plaintiff may voluntarily dismiss a complaint (including a third-party complaint)[3] by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or by filing a stipulation of dismissal that is signed by all parties that have appeared. Fed. R. Civ. P. 41(a)(1)(A).[4] A notice of voluntary dismissal filed before an adverse party serves an answer or motion for summary judgment "is effective at the moment the notice is filed with the clerk and no judicial approval is required." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

Defendants' have previously amended their answer once as a matter of course, therefore the Court will construe the filing as a motion for leave to amend the amended answer to remove the previously asserted counterclaims and to add a counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge. Finally, because no party has filed an answer to or motion for summary judgment on Defendants' third-party complaint,[5]

---

[3] A third-party complaint is a pleading. Fed. R. Civ. P. 7(a).

[4] This dismissal is without prejudice unless the notice states otherwise or the party has previously dismissed any federal or state court action based on or including the same claim. Fed. R. Civ. P. 41(a)(1)(B). In the latter event, the notice operates as an adjudication on the merits and the dismissal is with prejudice. Id.

[5] Plaintiff and proposed third-party defendants moved for sanctions under Rule 9011, to strike the third-party complaint under Fed. R. Civ. P. 14(a)(4), or to

the Court will construe Defendants' filing as a notice of voluntary dismissal of the third-party complaint without prejudice.

The Court will grant Defendants' motion for leave to amend the amended answer as to removal of the counterclaims and deny Defendants' motion as to the additional counterclaim for declaratory relief.[6] The Court previously has determined that the Confession of Judgment constitutes a debt and that the amended complaint plausibly states a claim that the judgment should be excepted from Defendants' discharge under § 523(a)(6). ECF No. 36. The Court likewise denied Defendants' motion to reconsider this decision on the basis that the Confession of Judgment was ineffective due to the dismissal of all remaining claims in the state court action. ECF No. 41. The Court also gave Defendants notice of the meritless nature of their proposed counterclaim in the order construing Defendants' counterclaim as a motion to reconsider the Court's prior order and opinion denying Defendants' motion to dismiss as well as the Court's order denying Defendants' motion to reconsider the order and opinion denying Defendants' motion to dismiss. ECF No. 78. The Court gave Defendants an

---

dismiss the third-party complaint under Fed. R. Civ. P. 12(b)(6), but did not answer or move for summary judgment. See ECF No. 72.

[6] Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing where the record is sufficient to permit the court to reach a decision. In re Graft, 489 B.R. 65, 72 (Bankr. S.D. Ohio 2013) (noting that bankruptcy courts have broad discretion in determining whether a hearing is necessary, and that "'a hearing—much less an evidentiary hearing—is not required in every instance'") (quoting In re I Don't Tr., 143 F.3d 1, 3 (1st Cir. 1998)).

opportunity to respond to the Court's interpretation of their filing, and Defendants did in fact respond.  ECF No. 79.[7]

Defendants' counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge fails to state a claim upon which relief can be granted and is therefore futile.[8]  Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).  A judgment constitutes a claim.  11 U.S.C.

---

[7] Defendants contend that this counterclaim is not intended to challenge the Court's prior decisions.  ECF No. 79, at 1.  In its opinion and order denying Defendants' motion to dismiss, the Court specifically stated that "the existence of the debt is not a claim that can be re-adjudicated by this Court," ECF No. 36, at 17, and reemphasized that ruling in its denial of the motion to reconsider.  ECF No. 41.  Defendants' argument attempts to distinguish between contesting the existence of the debt and contesting whether the debt constitutes a debt.  This argument is meritless in light of the prior rulings, and Defendants' counterclaim necessarily seeks reconsideration of the Court's prior decisions.

The Court notes that Defendants state that they are making the proposed counterclaim "conditionally" such that, if the Court determines that they are reasserting claims previously ruled on, they will withdraw it.  ECF No. 79, at 1-2.  Parties, even those proceeding pro se, cannot "conditionally" assert frivolous claims that cause other parties to incur costs in defense, agreeing to dismiss them only if the Court determines that they are meritless.  Fed. R. Bankr. P. 9011 (by filing a document, unrepresented parties certify that the claims, defenses, and other legal contentions are warranted by existing law, after reasonable inquiry under the circumstances).  Defendants ultimately bear the responsibility of asserting futile and meritless claims in this Court.  The Court cannot act as counsel.  Defendants in effect, are "throwing everything against the wall to see what sticks," while having no idea of the merit of the claims made and are purporting to apologize for continuing to do it.  Such actions will not insulate them from the consequences and costs caused to other parties by asserting meritless claims—especially those on which the Court already has ruled.

[8] To state a claim under Rule 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

§ 101(5)(A) ("'claim' means—right to payment, whether or not such right is reduced to judgment . . ."). The term "debt" is coextensive and simply means liability on a claim. 11 U.S.C. § 101(12); see In re Cybermech, Inc., 13 F.3d 818, 822 (4th Cir. 1994) (quoting legislative history that the terms claim and debt are coextensive, and finding that "when a claim exists, so does a debt") (quotations omitted).

Defendants do not dispute the existence or authenticity of the Confession of Judgment from which the liability at issue arises. ECF No. 3-3; see also ECF No. 77, at 2. Plaintiff's right to payment under this judgment constitutes a claim under § 101(5)(A) and Defendants' liability under this judgment constitutes a debt under § 101(12). Therefore, Defendants' counterclaim is futile, and the Court will deny Defendants' motion to amend the amended answer to the extent that it seeks to add a counterclaim for declaratory relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendants' filing, ECF No. 77, shall be construed as (1) a motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims and to add a counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge; and (2) a voluntary dismissal of the

9

third-party complaint.

2. Defendants' motion for leave to amend Defendants' amended answer to voluntarily dismiss Defendants' counterclaims is granted.

3. Defendants' motion for leave to amend to add a counterclaim for declaratory relief that the Confession of Judgment does not constitute a "debt" that is subject to being excepted from discharge is denied as futile.

4. Defendants have amended their amended answer to voluntarily dismiss all counterclaims asserted therein without prejudice.

5. ECF No. 77 shall constitute a notice of voluntary dismissal of Defendants' third-party complaint without prejudice.

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02009

```
John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                          Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff/Third Party Defendants           Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370

Allen Nason
2857 Westport Road
Charlotte, NC 28208

James Adams, II
Brooks Pierce McLendon Humphrey Leonard
230 n. Elm St., Ste 2000
Renaissance Plaza
Greensboro, NC 27401

Clint Morse
Brooks Pierce McLendon Humphry & Leonard
230 N. Elm St, Ste. 2000,
Renaissance Plaza
Greensboro, NC 27401

Clark Stewart
2857 Westport Road
Charlotte, NC 28208
```