**SIGNED this 17th day of February, 2026.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | Chapter 7 |
| | ) | Case No. 25-10147 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| Eastwood Construction Partners, | ) | |
| LLC dba Eastwood Homes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 25-02009 |
| | ) | |
| James Lawrence Bryant, Jr., | ) | |
| Sharon Renea Bryant, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING IN PART AND DEFERRING IN PART PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, DEFERRING DEFENDANTS' CROSS-MOTION FOR
SUMMARY JUDGMENT, AND DIRECTING BOTH PARTIES TO COMPLY WITH
LOCAL RULE 7056-1**

This adversary proceeding is before the Court on the motion

for summary judgment and supporting brief filed by Eastwood

Construction Partners, LLC d/b/a Eastwood Homes ("Plaintiff"), ECF

Nos. 31 & 32, and the cross-motion for summary judgment and

supporting brief filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant ("Defendants").  ECF Nos. 87 & 88.  Defendants are proceeding pro se.[1]  For the reasons stated herein, the Court will deny in part and defer in part Plaintiff's motion, defer Defendants' cross-motion, require Plaintiff to refile its Statement of Undisputed Material Facts filed in support of its motion in separately numbered paragraphs as required by Local Rule 7056-1(b)[2] within seven (7) days of the date of this order, and allow Defendants fourteen (14) days from the close of discovery[3] to file a Statement of Disputed Material Facts in response to Plaintiff's statement in correspondingly numbered paragraphs in accordance with Local Rule 7056-1(c).[4]

---

[1] The Court must construe filings by pro se litigants liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

[2] Local Rule 7056-1(b) provides in relevant part:

> Each motion for summary judgment must be accompanied by . . . a separate and concise "Statement of Undisputed Material Facts."  Each fact in a Statement of Undisputed Material Facts must be set forth in a separately numbered paragraph and must be supported by reference to the particular portions of the record relied upon to establish that fact.

[3] Under the scheduling order in this proceeding, discovery ends April 2, 2026. ECF No. 39, ¶ 3.  Defendants must file a Statement of Disputed Material Facts on or before April 16, 2026, unless the scheduling order is modified by the Court.

[4] Local Rule 7056-1(c) provides in relevant part:

> [A] party opposing such motion must file and serve . . . a separate and concise "Statement of Disputed Material Facts."  Each fact in a Statement of Disputed Material Facts must be set forth in a separately numbered paragraph that corresponds to the numbered paragraph in the movant's Statement of Undisputed Material Facts and must be supported by reference to the place in the record that supports the existence of a genuine dispute of such fact.  Pertinent

Under Local Rule 7056-1(c), all facts set forth in Plaintiff's Statement of Undisputed Facts will be deemed admitted by Defendants for purposes of Plaintiff's motion for summary judgment unless specifically controverted by Defendants in a Statement of Disputed Material Facts supported by reference to the record or proper affidavit that establishes the existence of a genuine dispute of material fact. **If Plaintiff fails to timely submit a Statement of Undisputed Material Facts as required by Local Rule 7056-1(b) and this order, the Court will deny the motion without further hearing. If Defendants fail to timely file a Statement of Disputed Material Facts in the form required by Local Rule 7056-1(c) or otherwise fail to identify a genuine issue of material fact, the Court may grant Plaintiff's motion for summary judgment and enter judgement against Defendants in favor of Plaintiff to the extent that the undisputed facts are sufficient to support judgment**.

## PROCEDURAL BACKGROUND

Defendants filed a voluntary petition under chapter 7 of title 11 on March 13, 2025. Case No. 25-10147, ECF No. 1. Plaintiff initiated this adversary proceeding on June 5, 2025. ECF No. 1.

---

excerpts of evidentiary documents cited must be filed contemporaneously with the response. **All facts set forth in a movant's Statement of Undisputed Material Facts will be deemed admitted for the purpose of a motion for summary judgment unless specifically controverted by the opposing party in a Statement of Disputed Material Facts**.

(emphasis added).

On June 9, 2025, Plaintiff timely filed an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015.  ECF No. 3.  On November 14, 2025, Plaintiff filed the motion for summary judgment and supporting brief.  ECF Nos. 31 & 32.  Thereafter, Defendants filed a document titled "Motion to Defer or Deny Plaintiff's Premature Motion for Summary Judgment," ECF No. 44, as well as an answer to the amended complaint.  ECF No. 45.  Plaintiff filed a response to Defendants' motion to defer or deny summary judgment, ECF No. 55, and Defendants filed a reply in support of their motion.  ECF No. 57.  On January 22, 2026, Defendants filed a cross-motion for summary judgment and supporting brief.  ECF Nos. 87 & 88.  On February 12, 2026, Plaintiff filed a response to Defendant's cross-motion.  ECF No. 93.  Finally, on February 17, 2026, Defendants filed a reply in support of their motion for summary judgment.  ECF No. 97.

### FACTS[5]

On December 28 and 29, 2023, Plaintiff and Defendants entered into a settlement agreement.  ECF No. 28, at 29-39.  The settlement agreement required, _inter_ _alia_, that Defendants execute a confession of judgment in the amount of $150,000.00, but provided that the judgment would remain confidential and not be filed unless

---

[5] The Court has reviewed the record, and the following facts appear to be undisputed for purposes of this order.

Defendants defaulted under the settlement agreement. Id. at 31. In exchange, Plaintiff was required to pay Defendants $7,500.00. Id. On March 22, 2024, the North Carolina Superior Court of Randolph County directed Plaintiff to file the confession of judgment. ECF No. 3-2, at 2. On March 25, 2024, Plaintiff filed the confession of judgment. ECF No. 3-3. The confession of judgment states, in relevant part, that:

> In April 2023, [Defendants] began a campaign to damage [Plaintiff]'s business and reputation in the neighborhood and on social media. [Defendants] approached [Plaintiff]'s customers and made negative comments about Plaintiff, placed defamatory signs on their yards, and made defamatory social media posts. [Defendants]' conduct caused [Plaintiff] to lose at least one contract for the purchase of a lot and home in Piper Village. [Plaintiff] suffered damages in the amount of at least $74,400 in profit on the sale of the lot and home. . . . [Defendants] acknowledge that [Plaintiff]'s damages are at least $74,400, and that under Chapter 75 of the North Carolina General Statutes, [Plaintiff]'s damages may be trebled in the amount of $223,200. [Defendants] acknowledge that they are confessing to a lower amount of damages in the amount of [$150,000].

Id. ¶¶ 6-7, 13. Defendants filed a voluntary petition under chapter 7 on March 13, 2025, and on June 5, 2025, Plaintiff initiated this adversary proceeding, seeking a declaration of exception to discharge for the debt represented by the confession of judgment under 11 U.S.C. § 523(a)(6). ECF No. 1.

**STANDARD OF REVIEW**

Summary judgment is appropriate when the moving party "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The nonmoving party may not rely solely on allegations or denials in its pleadings but must set forth specific facts demonstrating a genuine issue for trial. U.S. Commodity Futures Trading Comm'n v. PMC Strategy, LLC, No. 3:11CV73, 2013 WL 1349177, at *4 (W.D.N.C. Apr. 3, 2013). "To create a genuine issue of material fact, the non-moving party must cite competent, admissible evidence, and there must be sufficient evidence for the jury to return a verdict for the non-moving party." Id. (citing Anderson, 477 U.S. at 251-52).

In considering a motion for summary judgment, the Court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004). Where

there are cross motions for summary judgment, as in this case, "the court must review each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). "As to those elements on which it bears the burden of proof at trial, a movant is only entitled to summary judgment 'if the proffered evidence is such that a rational factfinder could only find for [the movant].'" In re Caceres, No. 18-80776, 2023 WL 2543713, at *3 (Bankr. M.D.N.C. Feb. 27, 2023) (quoting Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009)). If there is a genuine issue of material fact, the court must deny both motions, "[b]ut if there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2720 (4th ed. 2021).

Rule 56(d) "requires a court to defer ruling on a summary-judgment motion until the nonmovant has had a reasonable opportunity to discover information that is essential to its response." Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 250 (4th Cir. 2018) (citing Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014)); see also Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition, the court may: defer considering the motion or deny it"). Although a motion for summary judgment may be filed before the completion of discovery, the Fourth Circuit strongly disfavors a court's grant of summary judgment pre-discovery against a pro se party. Laber v. Austin, No. 3:23CV498, 2024 WL 4789132, at *3 (E.D. Va. Nov. 14, 2024), reconsideration denied sub nom. Laber v. Hegseth, No. CV 3:23CV498, 2025 WL 2977523 (E.D. Va. Mar. 10, 2025), aff'd, No. 25-1547, 2025 WL 2952598 (4th Cir. Oct. 20, 2025).

## DISCUSSION

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The term "debt" means liability on a claim. 11 U.S.C. § 101(12). "'Claim' means—right to payment, whether or not such right is reduced to judgment . . . ." 11 U.S.C. § 101(5)(A). The Court previously has ruled in this case that the confession of judgment is a "debt" as contemplated by §§ 101(12) and 523(a). ECF Nos. 36, 41 & 82. Therefore, in order for the obligation represented by the confession of judgment to be excepted from discharge, Plaintiff must establish that the confession of judgment is: (1) a debt for (2) willful and (3) malicious (4) injury.

Plaintiff argues that it is entitled to summary judgment in its favor because (1) issue preclusion prohibits Defendants from

relitigating the issue of willfulness; (2) Defendants are bound by their admissions in the confession of judgment; (3) under the doctrine of quasi-estoppel, Defendants cannot take a position inconsistent with the settlement agreement and confession of judgment; and (4) there is no genuine dispute of material fact that the debt represented by the confession of judgment is for a willful and malicious injury to Plaintiff by Defendants.  ECF No. 32.

## I.   Plaintiff's motion for summary judgment is denied in part.

### a. The confession of judgment is entitled to claim preclusion but not issue preclusion.

"The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts . . . to give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 519 (1986) (quoting 28 U.S.C. § 1738).  Federal courts apply the preclusion principles of the state where the judgment was entered.  Id. at 523; see In re Caswell, 605 B.R. 401, 410 (Bankr. M.D.N.C. 2019) (quoting In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995)).

Issue preclusion, applies under North Carolina law where "the determination of an issue in a prior judicial . . . proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a

9

full and fair opportunity to litigate that issue in the earlier proceeding." Gray v. Fed. Nat'l Mortg. Ass'n, 264 N.C. App. 642, 648-49 (2019) (quoting Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15 (2004)).  The following requirements must be met: (1) the issue is identical to an issue actually litigated and necessary to the judgment in the prior action; (2) the prior action resulted in a final judgment on the merits; and (3) the current parties are the same as, or in privity with, the parties to the earlier action. See Sartin v. Macik, 535 F.3d 284, 288 (4th Cir. 2008) (citing Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428-29 (1986)).

Claim preclusion applies when a party attempts to relitigate the same cause of action.  ACC Const., Inc. v. SunTrust Mortg., Inc., 239 N.C. App. 252, 261-62 (2015).  The elements include: (1) a final judgment on the merits in a prior suit; (2) identity of the cause of action in the prior suit and the later suit; and (3) identity of or privity with the parties in both suits.  Id. at 262. Claim preclusion bars relitigating claims previously presented or claims that could have been presented.  King v. Grindstaff, 284 N.C. 348, 356 (1973) (quoting Cromwell v. Sac Cnty., 94 U.S. 351, 353 (1876)).

Issue preclusion does not apply to the confession of judgment because North Carolina law provides that "no judgment by confession shall be held to be res judicata as to any fact in any civil action

10

except in an action on the judgment confessed." N.C. Gen. Stat. § 1A-1, Rule 68.1(e);[6] see also Sartin, 535 F.3d at 288-89 (finding that the North Carolina Supreme Court "has indicated both that it follows the traditional rule for collateral estoppel [issue preclusion] and that it views the Restatement as presenting this rule," and citing the Restatement (Second) of Judgments § 27 (1982), for the proposition that, when a judgment is entered by confession, none of the issues are actually litigated and issue preclusion does not apply). Therefore, issue preclusion does not apply to the facts stated in the confession of judgment.

Although issue preclusion does not apply to a judgment by confession, claim preclusion does. Simpson v. Plyler, 258 N.C. 390, 397 (1963) (a consent judgment "is as much a judgment on the merits as if it had been entered on a jury verdict. A consent judgment, as well as a judgment on trial of issues, is [claim preclusive] as between the parties upon all matters embraced therein") (quotations omitted); see also N.C. Gen. Stat. § 1A-1, Rule 68.1(e) (providing that confessions of judgment "shall have the same effect as other judgments . . . ."). Because claim preclusion applies to the confession of judgment, Defendants

---

[6] "The Restatement of Judgments now speaks of res judicata as 'claim preclusion' and collateral estoppel as 'issue preclusion.' Some courts and commentators use 'res judicata' as generally meaning both forms of preclusion." Allen v. McCurry, 449 U.S. 90, 94 n.5 (1980) (internal citations omitted). Here, the Court understands "res judicata as to any fact" to mean issue preclusion.

cannot dispute the validity and amount of the judgment.  See In re Heckert, 272 F.3d 253, 257-58 (4th Cir. 2001) (stating that claim preclusion applies when a bankruptcy court considers the validity of a claim upon which debt is based); see also 11 U.S.C. § 101(5)(A) (the term "claim" means a right to payment, including a judgment). Thus, claim preclusion applies to the confession of judgment.

      b. Defendants are not bound by statements in the confession of judgment.

N. C. R. Civ. P. 68.1(b) provides that a confession of judgment must "concisely show why the defendant is or may become liable to the plaintiff."  The rule further provides that, although a judgment by confession has the same effect of other judgments, they are not preclusive "as to any fact in any civil action except in an action on the judgment confessed."  N. C. R. Civ. P. 68.1(e). Therefore, factual statements contained within a confession of judgment do not constitute admissions that a defendant is estopped from disputing in a subsequent civil action.

Plaintiff attempts to circumvent the prohibition against granting facts contained in the confession preclusive effect by arguing that the facts nevertheless constitute admissions.  In support of this theory, Plaintiff cites cases in which a defendant was precluded by estoppel from disputing the validity of a confessed judgment itself by challenging the underlying facts giving rise to the liability.  See Peace v. Mangum, 28 N.C. 369

(1846); <u>J.S. Martin & Son v. Briscoe</u>, 143 N.C. 353 (1906); <u>Pulley</u>

<u>v. Pulley</u>, 255 N.C. 423 (1961).  Plaintiff cites the following

portion of <u>Pulley</u>:

> In Johnson v. Alvis, 159 Va. 229, 165 S.E. 489, 490, the
> Court said: 'A defendant confessing judgment is
> estopped, in the absence of fraud, to question its
> validity on account of irregularities to which he did
> not object, or to dispute any facts set forth in the
> confession, and if, after the entry of the judgment, he
> ratifies or accepts it, or acquiesces in it, he is
> estopped to deny the authority on which it was confessed
> or otherwise to impeach its validity.

255 N.C. at 430.[7]   Plaintiff misconstrues this statement in

<u>Johnson</u>.  The defendant in <u>Johnson</u> was challenging the validity of

the judgment itself by contesting its underlying facts.  159 Va.

229.  <u>Johnson</u> and the other cases cited by Plaintiff align with

N.C. R. Civ. P. 68.1 and prohibit a judgment debtor from

challenging the debt by disputing the underlying facts contained

in the judgment.[8]  The statement in <u>Johnson</u> and the holdings in

the other cases cannot be interpreted as suggested by Plaintiff,

which would directly contradict the restrictions in the rule

---

[7] In <u>Johnson</u>, the plaintiffs executed a note and authorized their attorney in
fact to confess judgment for them in the amount due on the note in the event of
default in payments.  159 Va. at 230.  The note was not paid, the attorney in
fact confessed judgment, execution was issued on the judgment, and the
plaintiffs filed a motion to quash the judgment.  <u>Id.</u>  The trial court overruled
the motion and held the judgment valid and binding.  <u>Id.</u>  The appellate court
noted that the plaintiffs contested the validity of the judgment for the first
time on appeal.  <u>Id.</u> at 233.

[8] Plaintiff also points to <u>In re Burress</u>, 245 B.R. 871 (Bankr. D. Colo. 2000).
This case is distinguishable because in Colorado, "[c]onfessions of judgment
have been recognized as forming a basis for [issue preclusion] as to the facts
stipulated to."  <u>Id.</u> at 877.

itself.  As has been explained to Defendants, and which precept applies equally to Plaintiff, this proceeding is not an action on the judgment confessed.  See Archer v. Warner, 538 U.S. 314 (2003). Therefore, Defendants are not bound by statements in the confession of judgment.

### c. Quasi-estoppel does not apply.

The North Carolina Supreme Court has recognized a doctrine known as quasi-estoppel or estoppel by benefit.  Whitacre, 358 N.C. at 18.  "Under a quasi-estoppel theory, a party who accepts a transaction or instrument and then accepts benefits under it may be estoped to take a later position inconsistent with the prior acceptance of that same transaction or instrument."  Id. (citing Brooks v. Hackney, 329 N.C. 166, 173 (1991)).  "[Q]uasi-estoppel is inherently flexible and cannot be reduced to any rigid formulation."  Id. (citing Taylor v. Taylor, 321 N.C. 244, 249 n.1 (1987)).

Plaintiff argues that Defendants are estopped from denying the statements in the confession of judgment because they accepted the benefits under the settlement agreement and cannot now deny its obligations.  The settlement agreement required Defendants to execute the confession of judgment, which they did.  As has been explained to Defendants in their attempts to attack the validity of the judgment itself, that matter is precluded.  But extending quasi-estoppel to give preclusive effect to facts stated in a

14

confession of judgment would render the limitations in N.C. R. Civ. P. 68.1(e) meaningless and would go beyond the obligations imposed by the settlement agreement.

The settlement agreement does not require Defendants to admit to the facts contained in the confession of judgment. Instead, the settlement agreement explicitly states that Defendants deny Plaintiff's allegations and that the parties entered the settlement agreement without any admission of liability. ECF No. 28, at 30. The settlement agreement further states that "[n]o provision of this Agreement shall be considered as admissions by any Party of any liability or wrongdoing." Id. at 35-36. Instead, the settlement agreement merely required the execution of the confession of judgment. Defendants complied with that term, and Plaintiff fully received the benefit of that bargain. Quasi-estoppel does not contemplate the Court giving the Plaintiff more than that to which it was entitled by the agreement. Therefore, quasi-estoppel does not apply.

## II. The parties must comply with the Local Rules in formatting, particularly important in this case with unrepresented parties.

Neither party has complied with Local Rule 7056-1. Defendants' initial response to Plaintiff's motion for summary judgment asked the Court to defer ruling on Plaintiff's motion until the completion of discovery because Defendants could not present facts essential to justify their opposition absent

15

discovery.   ECF No. 44, at 4-6.   Discovery has not yet been concluded.  Therefore, the Court will defer ruling on the remaining arguments raised in Plaintiff's motion and Defendant's cross-motion and will direct the parties to comply with Local Rule 7056-1.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

1.    Plaintiff's motion for summary judgment is denied with respect to the applicability of issue preclusion and quasi-estoppel.

2.    Plaintiff shall have seven (7) days from entry of this order to refile its Statement of Undisputed Material Facts in separately numbered paragraphs and with citations to the record as required by Local Rule 7056-1(b).

3.    Defendants shall have fourteen (14) days from the close of discovery to file a Statement of Disputed Material Facts in correspondingly numbered paragraphs and with citations to the record as required by Local Rule 7056-1(c).

4.    Under Local Rule 7056-1(c), all facts set forth in a timely filed and conforming Statement of Undisputed Material Facts by Plaintiff are deemed admitted for purposes of Plaintiff's motion for summary judgment unless specifically controverted by Defendants in a Statement of Disputed Material Facts supported by references to the record or proper affidavit that establishes the

16

existence of a genuine dispute of material fact.

5.    **If Plaintiff fails to timely submit a Statement of Undisputed Facts as required by Local Rule 7056-1(b) and this order, the Court will deny the motion without further hearing.**

6.    **If Defendants fail to timely file a Statement of Disputed Material Facts in the form required by Local Rule 7056-1(c) or otherwise fail to identify a genuine issue of material fact, the Court may grant Plaintiff's motion for summary judgment and enter judgement against Defendants in favor of Plaintiff to the extent that the undisputed facts are sufficient to support judgment.**

[END OF DOCUMENT]

<u>Parties to be Served</u>
25-02009


John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator                    Via CM/ECF

Jamey M. Lowdermilk
Katarina Kyung Oak Wong
Counsel for Plaintiff/Third Party Defendants     Via CM/ECF

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370