IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re:<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>) | Case No. 25-10147<br><br>Chapter 7 |
| EASTWOOD CONSTRUCTION PARTNERS, LLC d/b/a EASTWOOD HOMES,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LAWRENCE BRYANT, JR. and SHARON RENEA BRYANT a/k/a SHARON RENEA BLACKMON,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding No. 25-02009 |

**<u>EASTWOOD'S RESPONSE TO THE BRYANTS' SUPPLEMENT</u>**

As the Court's Order Setting Hearing on Defendants' Response in Opposition to Motion for Leave to Voluntarily Dismiss Adversary Proceeding [Doc. 127] makes clear, the Court construed the Bryants' motion as a request for costs under Rule 7054(b)(1) and set a hearing for September 10, 2026. As a hearing was already set and the Court clearly understood the issues, Eastwood did not file a brief.

The Bryants then filed a supplement on August 28, 2026, stating that the Court should rule on the papers without a hearing. Eastwood generally agrees that no hearing is necessary. As all competent litigants are aware, nearly all categories of funds expended that the Bryants have requested are non-reimbursable "expenses" and not reimbursable "costs" under long-settled Rule 54 law. "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of

taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." Costs, Fees, and Expenses Distinguished, 10 Fed. Prac. & Proc. Civ. § 2666 (4th ed.). "For example, absent a special statute or an exceptional exercise of judicial discretion, items such as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by the litigants." *Id*.

The citations in the treatise are rife with examples of opinions refusing to award "in-house photocopying, computer research time, couriers, postage, telecopier overnight delivery, and local transportation expenses" and other expenses similar to those the Bryants are requesting. *Id*. (citing *Thomas v. Treasury Management Ass'n, Inc.*, 158 F.R.D. 364 (D. Md. 1994)).

While the Bryants have the burden of proving what they spent related to this litigation at the September 10 hearing before any costs could be awarded, Eastwood believes that the Court can short-circuit the exercise and summarily reject the overwhelming majority of what the Bryants seek as expenses that are not recoverable costs under Rule 7054.

This the 28th day of August, 2026.

/s/ Clint S. Morse

Clint S. Morse
NC Bar No. 38384
cmorse@brookspierce.com
Jamey M. Lowdermilk
NC Bar No. 52271
jlowdermilk@brookspierce.com
Katarina K. Wong
NC Bar No. 55040
kwong@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
230 North Elm Street, Suite 2000
Greensboro, NC 27401
Phone: 336.271.3167
Fax: 336.232.9167

*Attorneys for Creditor Eastwood Construction Partners, LLC*

**Certificate of Service**

I hereby certify that the foregoing was served on all parties who have made an appearance in the above-captioned bankruptcy case by filing with the Court's CM/ECF system.

This the 28th day of August, 2026.

/s/ Clint S. Morse
Clint S. Morse