**SO ORDERED.**

**SIGNED this 9th day of September, 2026.**

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In re:<br><br>James Lawrence Bryant, Jr.,<br>Sharon Renea Bryant,<br><br>Debtors. | Chapter 7<br>Case No. 25-10147 |
| Eastwood Construction Partners, LLC dba Eastwood Homes,<br><br>Plaintiff,<br><br>v.<br><br>James Lawrence Bryant, Jr.,<br>Sharon Renea Bryant,<br><br>Defendants. | Adv. No. 25-02009 |

**ORDER GRANTING VOLUNTARY DISMISSAL WITH PREJUDICE AND DENYING REQUEST FOR COSTS**

This adversary proceeding is before the Court on the motion for leave to file a voluntary dismissal with prejudice, ECF No. 123, filed by Eastwood Construction Partners, LLC d/b/a Eastwood

Homes ("Plaintiff"), and the request for costs, ECF No. 124, filed by James Lawrence Bryant, Jr. and Sharon Renea Bryant (collectively, "Defendants"). Defendants are proceeding pro se. For the reasons set forth below, the Court will cancel the hearing scheduled for September 10, 2026, grant the motion to dismiss with prejudice, and deny the request for costs.

**BACKGROUND**[1]

Defendants filed a voluntary petition under chapter 7 of title 11 on March 13, 2025. Case No. 25-10147, ECF No. 1. Plaintiff initiated this adversary proceeding on June 5, 2025. ECF No. 1. Plaintiff filed an amended complaint on June 9, 2025. ECF No. 3. On July 17, 2025, the Court entered an order of discharge for Sharon Bryant and, on September 4, 2025, for James Byrant. Case No. 25-10147, ECF Nos. 61, 87.

On August 5, 2026, Plaintiff filed a motion under Rule 7041, requesting leave of Court to voluntarily dismiss this adversary proceeding with prejudice. ECF No. 123. On August 6, 2026, Defendants filed a response to the motion, requesting that the Court require Plaintiff to reimburse Defendants' litigation expenses, among other things. ECF No. 124. In the attached exhibit and affidavit, Defendants itemized $5,051.09 of expenses for travel, service of process, office supplies, meals during

[1] The Court assumes familiarity with the record in this case. Additional background is set forth in the Court's prior order at ECF No. 98.

mediation, and legal research charges. ECF No. 124, at 5-7. On August 13, 2026, the Court entered an order liberally construing Defendants' response as a request for costs under Federal Rule of Bankruptcy Procedure 7054(b)(1). ECF No. 127. The Court scheduled a hearing on the motion to dismiss and Defendants' response for September 10, 2026. ECF No. 128.

On August 28, 2026, Defendants filed a waiver of hearing and supplement to their request for costs, arguing that Plaintiff failed to file a response to their request for costs and that the Court should treat their request as unopposed. ECF No. 129. That same day, Plaintiff responded that Defendants were not entitled to costs under Federal Bankruptcy Rule 7054. ECF No. 130. On August 31, 2026, Defendants replied, asserting they were also entitled to expenses under Federal Bankruptcy Rule 7041. ECF No. 131. The next day, Defendants filed another supplement, consenting to a voluntary dismissal with prejudice only if the Court awards costs and other conditions under a rubric set by Defendants. ECF No. 132. If not, Defendants requested that the hearing on September 10, 2026, remain as scheduled. Id.

**DISCUSSION**

Under Local Rule 7007-1(d), the Court may rule on the motion and Defendants' request for costs without a hearing. Even in the absence of this local rule, Defendants waived their right to a hearing on the issues in their first supplemental filing. See In

re Rye, 54 B.R. 180, 181 (Bankr. D.S.C. 1985) (debtor can waive right to hearing). Having considered all the record and papers, the Court will determine the motion without a hearing. For the reasons set forth herein, the Court will dismiss this adversary proceeding with prejudice and deny the request for costs.

**I. Voluntary Dismissal**

Plaintiff seeks a voluntary dismissal of this adversary proceeding with prejudice. ECF No. 123. Federal Rule of Civil Procedure 41(a), made applicable by Federal Rule of Bankruptcy Procedure 7041, provides that a plaintiff may request a voluntary dismissal of an action by court order after an opposing party serves a motion for summary judgment. Fed. R. Civ. P. 41(a)(2); Fed. R. Bankr. P. 7041; see Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986) (explaining that the court must rule on pending summary judgment motions before granting voluntary dismissal). A court may grant a voluntary dismissal "unless the parties will be unfairly prejudiced." In re Global Computer Enters., 561 B.R. 651, 652 (Bankr. E.D. Va. 2016) (quoting Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)). An order of dismissal is without prejudice "unless otherwise specified." Andes, 788 F.2d at 1037 (citing Fed. R. Civ. P. 41(a)(2)).

There is no prejudice against Defendants by granting a voluntary dismissal with prejudice in this case. "[G]enerally, 'dismissal of an action with prejudice is a complete adjudication

of the issues presented by the pleadings and is a bar to a further action between the parties.'" In re Tomlin, 105 F.3d 933, 936–37 (4th Cir. 1997) (quoting Harrison v. Edison Bros. Apparel Stores Inc., 924 F.2d 530, 534 (4th Cir. 1991)). Because a dismissal with prejudice removes the threat of subsequent lawsuits, "any injustice to the defendant is significantly lessened." F.D.I.C. v. Becker, 166 F.R.D. 14, 15 (D. Md. 1996). A discharge was granted to Defendants individually on July 17, 2025, and September 4, 2025, Case No. 25-10147, ECF Nos. 61, 87, so, upon granting Plaintiff's Motion, Plaintiff is enjoined from seeking to enforce any discharged debt owed by Defendants to Plaintiff as a personal obligation of the Defendants in a future bankruptcy case. See 11 U.S.C. § 524(a)(2). For the foregoing reasons, the voluntary dismissal with prejudice will result in the same relief to Defendants as a judgment in their favor at trial would have provided. There is no prejudice.

**II. Costs**

Defendants request costs associated with the dismissed action under Rules 7041 and 7054. The court has discretion to impose conditions on a dismissal that it deems "proper" to reduce prejudice and vexatious litigation, such as costs. Fed. R. Bankr. P. 7041(a)(2); see Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987) (explaining that a condition of voluntary dismissal can include attorney's fees and costs). "[W]hether to award costs is

within the sound discretion of the bankruptcy court." In re D&B Countryside, LLC, 217 B.R. 72, 75 (E.D. Va. 1998) (citation omitted). Costs are generally awarded as a condition to a dismissal without prejudice—not a dismissal with prejudice that brings no risk of relitigation. 8 Moore's Federal Practice – Civil § 41.40. As explained above, Defendants do not face any prejudice from the dismissal. In any event, the claims in this case were not vexatious or meritless. See ECF No. 36; Case No. 25-10147, ECF No. 166. Defendants also were not without blame in the litigiousness that this bankruptcy case and this adversary proceeding spawned. See Case No. 25-10147, ECF Nos. 137, 167. Therefore, the Court declines to award costs to Defendants under Rule 7041.[2]

Taxable costs under Rule 7054 are distinct from conditional costs under Rule 7041. 8 Moore's Federal Practice – Civil § 41.40. Nevertheless, as with costs awarded under Rule 7041, the decision whether to award costs under Rule 7054 remains in the court's discretion. 10 Collier on Bankruptcy ¶ 7054.05 (noting that "there is no presumption created in favor of awarding costs under Bankruptcy Rule 7054(b)").

[2] Defendants contend that the costs themselves cause prejudice. If incurring costs, by itself, were sufficient prejudice to justify an award of costs, costs would be a requirement in every case in which a plaintiff agreed to a voluntary dismissal with prejudice.

Even were the Court inclined to award costs, under Rule 7054(b)(1), the court only may award to the prevailing party costs that are authorized by statute, which include fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of papers necessarily obtained, docket fees, and compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. The party requesting costs has the burden of establishing that the costs fit within the statutory provision. In re D&B Countryside, 217 B.R. at 75 (citing Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982)). "Once the prevailing party has carried its burden, the burden then shifts to the losing party to show any impropriety of taxing the proposed costs." In re Tara Retail Grp., LLC, 636 B.R. 439, 460 (N.D. W. Va. 2021) (internal quotation marks omitted).

Defendants are the prevailing party because the Court's decision to grant a voluntary dismissal with prejudice adjudicates the issues in favor of Defendants. See Fed. R. Bankr. P. 7054(b)(1). But Defendants request costs that do not fall within the categories permitted by the statute, see 28 U.S.C. § 1920, and do not include a sufficient explanation to meet their burden, see In re D&B Countryside, 217 B.R. at 77-78 (explaining that the statute permits coverage of service costs by marshals, not private servers). For these reasons, and for the reasons stated above with respect to the Court's decision not to award costs in its

discretion under Rule 7041, the Court declines to condition dismissal on an award of costs as enumerated in Defendants' request.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** as follows:

1. Plaintiff's motion for voluntary dismissal, ECF No. 123, is granted with prejudice.

2. Defendants' requests for costs are denied.

3. The hearing scheduled for September 10, 2026, is canceled as moot.

[END OF DOCUMENT]

Parties to be Served
25-02009

John Paul Hughes Cournoyer
U.S. Bankruptcy Administrator

Clint S. Morse
Counsel for Eastwood

Jamey M. Lowdermilk
Counsel for Eastwood

Katarina Kyung Oak Wong
Counsel for Eastwood

James Lawrence Bryant, Jr.
5629 Siler Str
Trinity, NC 27370

Sharon Renea Bryant
5629 Siler Str
Trinity, NC 27370